SARAH URANSKY, Respondent, *v.* THE DRY DOCK, EAST BROADWAY AND BATTERY RAILROAD COMPANY, Appellant.

In an action to recover damages for injuries sustained by plaintiff, a married woman, alleged to have been caused by defendant's negligence, the complaint contained no averment showing that she was for any reason entitled to the fruits of her labor, or that she was engaged in business on her own account and by reason of her injuries has suffered loss therein. Plaintiff was permitted to prove on trial, under objection and exception, that she was engaged in business from which she received a certain amount per month and that because of her injuries she was prevented from working two months. *Held*, error.

Presumptively, damages for negligently diminishing the earning capacity of a married woman belong to her husband, and when she seeks to recover such damages, her complaint must allege that for some reason she is entitled to the fruits of her own labor, or, if she seeks to recover damages for an injury to her business, she must allege that she was engaged in business on her own account and by reason of the injury was injured therein as specifically set forth-

*Hartel* v. *Holland,* (19 Wkly. Dig. 312), *Ehrgott* v. *Mayor,* etc. (96 N. Y. 275), distinguished.

*Uransky* v. *D. D., etc., R. R. Co.* (44 Hun, 119), reversed.

(Argued December 16, 1889 ; decided January 14, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 31, 1887, which affirmed a judgment in favor of the plaintiff entered upon a verdict.

The nature of the action and material facts are stated in the opinion.

*John M. Scribner* for appellant. The plaintiff should have been non-suited. (*Suydam* v. *G. S., etc., R. R. Co.* 41 Barb. 375 ; *Spaulding* v. *Jarvis,* 32 Hun, 621 ; *Barker* v. *H. R. R. R. Co.,* 4 Daly, 274 ; *Fleckenstein* v. *D. D. R. R. Co.,* 105 N. Y. 655 ; *Donnelly* v. *B. C. R. R. Co.,* 109 id. 21.) The court erred in allowing the plaintiff to give evidence in regard to her earnings in business as a dressmaker. (*Filer* v. *N. Y. C. R. R. Co.,* 49 N. Y. 56 ; *Malony* v. *Dows,* 15 How. Pr. 265 ; 2 Sedwick on Dam. [7th ed.] 608 ; *Schmitt* v. *D. D. R. R. Co.,* 3 N. Y. S. R. 257 ; *Saffer* v. *D. D. R. R. Co.,* 24 N. Y. S. R. 210 ; *Gumb* v. *T. T. St. R. R. Co.,* 114 N. Y. 411.) The court erred in allowing the plaintiff to prove the declarations of Dr. Messemer, the physician, who was called by the plaintiff as a substitute for Dr. Nichols. (*Hutchings* v. *Hutchings,* 98 N. Y. 65 ; *Anderson* v. *R., W. & O. R. R. Co.,* 54 id. 334 ; *Sherman* v. *D., L. & W. R. R. Co.,* 106 id. 542 ; *Sherman* v. *D., L. & W. R. R. Co.,* 106 N. Y. 546 ; *Luby* v. *Hudson R. R. Co.,* 17 id. 131 ; *Whittaker* v. *E. A. R. R. Co.,* 51 id. 295 ; *Furst* v. *S. A. R. R. Co.,* 72 id. 544 ; *White* v. *Miller,* 71 id. 118 ; *Waldele* v. *N. Y. C. R. R. Co.,*

95 id. 274; *Flynn* v. *N. Y. E. R. R. Co.*, 17 J. & S. 60; *Pfeffele* v. *S. A. R. R. Co.*, 19 Wkly. Dig. 44; *Clarke* v. *Anderson*, 15 N. Y. S. R. 363; *Reed* v. *N. Y. C. R. R. Co.*, 45 N. Y. 574–578; *Sherman* v. *D. L. & W. R. R. Co.*, 106 N. Y. 546; Code, §§ 834, 836; *White* v. *Miller*, 71 N. Y. 118.) The court erred in allowing the plaintiff's declarations to Mrs. Fielder when she visited the plaintiff. (*Caldwell* v. *Murphy*, 11 N. Y. 416; *Werely* v. *Persons*, 28 id. 344; *Reed* v. *N. Y. C. R. R. Co.*, 45 id. 574–579; *Furst* v. *S. A. R. R. Co.*, 72 id. 546; *Roche* v. *B. C. & N. R. R. Co.*, 105 id. 294; *Olp* v. *Gardner*, 48 Hun, 169; *Mosher* v. *Russell*, 44 id. 12.) The declarations of the plaintiff in regard to the alleged pain she suffered were incompetent. (*Roche* v. *B. C. R. R. Co.*, 105 N. Y. 294; *Olp* v. *Gardner*, 48 Hun, 169.) It was incompetent to prove the usual speed of street cars in Canal street. (*Saffer* v. *D. D. R. R. Co.*, 24 N. Y. S. R. 210.) It was error to draw inferences from the evidence of other witnesses. (*Guiterman* v. *L. S. S. Co.*, 83 N. Y. 365.) The confidence expressed by Justice BRADY in the results of jury trials is scarcely justified by experience or authority. *Haring* v. *N. Y. & E. R. R. Co.*, 13 Barb. 15; *Suydam* v. *G. S. R. R. Co.*, 41 id. 380; *Mackey* v. *N. Y. C. R. R. Co.* 27 id. 541; *Toomey* v. *Railway Co.*, 3 C. B. [N. S.], 146.

*Louis Z. Kinstler* for respondent. The motions to dismiss the complaint were properly denied. (*Hill* v. *N. A. R. R. Co.*, 109 N. Y. 342; *Edgerton* v. *N. Y. & H. R. R. Co.*, 39 id. 230; *Caldwell* v. *N. Y. S. Co.* 47 id. 291; *Mullen* v. *St. John*, 57 id. 567; *Seybolt* v. *N. Y. L. E. & W. R. R. Co.* 95 id. 568; *Coddington* v. *B. C. R. R. Co.*, 102 id. 67; *Etherington* v. *P. P. & C. I. R. R. Co.*, 88 id. 641; *Barker* v. *Savage*, 45 id. 194; *Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 id. 427; *Massoth* v. *D. & H. C. Co.*, 64 id. 529; *Payne* v. *T. & B. R. R. Co.*, 83 N. Y. 574; *Wolfkill* v. *S. A. R. R. Co.*, 38 id. 49; *Willis* v. *L. I. R. R. Co.*, 34 id. 679; *Hart* v. *H. R. B. Co.*, 84 id. 56; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 464; *Clark* v. *E. A. R. R. Co.*,

36 id. 137, 138; *Barrett* v. *T. A. R. R. Co.*, 45 id. 628; *Coddington* v. *B. C. R. R. Co.*, 102 id. 67; *Diebolt* v. *Jewett*, 22 Wkly. Dig. 156; *Dygert* v. *Bradley*, 8 Wend. 472; *Sheehan* v. *N. Y. C. & H. R. R. R. Co.*, 91 N. Y. 337, 338.) The questions calling for statements of facts within the knowledge of witnesses were competent. (*Hallahan* v. *N. Y., L. E. & W. R. R. Co.*, 102 N. Y. 195–199; *Johnson* v. *Myers*, 4 Cent. Rep. 779; *Finklestien* v. *N. Y. & H. R. R. Co.*, 24 Wkly Dig. 325; *Barrett* v. *T. A. R. R. Co.*, 45 N. Y. 634; *Salter* v. *U. & B. R. R. R. Co.*, 88 id. 50.) The plaintiff had a right to recover for her pecuniary loss caused by her inability to work or to follow her usual vocation. (*Hartel* v. *Holland*, 19 Wkly. Dig. 312; *Ehrgott* v. *Mayor, etc.*, 96 N. Y. 275.) Where there is evidence of physical suffering, exclamations and complaints of pain made by the plaintiff to lay witnesses are admissible. (*Hagenlocher* v. *C. I. & B. R. R. Co.*, 99 N. Y. 138; *Kennedy* v. *R. C. & B. R. R. Co.*, 7 N. Y. Supl. 223; *Lewke* v. *D. D. & R. R. Co.*, 46 Hun, 286.) It was clearly proper to ask a medical expert what effect on the health of the plaintiff such a collision as has been testified to, would have, and further, whether the effect on a woman in a delicate or pregnant condition would be greater than on a person otherwise robust. (*Tice* v. *Munn*, 94 N. Y. 621.) It is competent for a physician to give his opinion as to whether the present condition of plaintiff resulted from the injury or from other causes. (*Turner* v. *City of Newburgh*, 109 N. Y. 308, 309; *Jones* v. *U. & B. R. R. R. Co.*, 24 Wkly. Dig. 10; *Matteson* v. *N. Y. C. & H. R. R. R. Co.*, 35 N. Y. 487; *Sherman* v. *Beader*, 23 Wkly. Dig. 374; *Bergman* v. *Jones*, 94 N. Y. 51; *People* v. *Beach*, 87 id. 512, 513.) In matters of everyday life lay witnesses are competent to express an opinion. (*Hallahan* v. *N. Y., L. E. & W. R. R. Co.*, 102 N. Y. 195, 199; *Blake* v. *People*, 73 N. Y. 586; *Johnson* v. *Myers*, 4 Cent. Rep. 779.) The questions calling for privileged communications between a physician and his patients were properly excluded. (Code of Civ. Pro., § 834; *Leeds* v. *M. G. L. Co.*, 90 N. Y. 29; *Kissinger* v. *N. Y. & H. R. R.*

*Co.,* 56 id. 538.) The defendant's motion to set aside the verdict and for a new trial was properly denied. (*Archer* v. *N. Y., N. H. & H. R. R. Co.,* 106 N. Y. 602; *Harvey* v. *N. Y., W. & R. R. R. Co.,* 23 Wkly. Dig. 200; *Sherwood* v. *Hauser,* 94 N. Y. 627.)

PARKER, J. The recovery had was for damages sustained by the plaintiff, a married woman, by reason of personal injuries received while a passenger on defendant's road.

Presumptively, damages for negligently diminishing the earning capacity of a married woman belong to her husband, and, when she seeks to recover such damages, the complaint must contain an allegation that for some reason she is entitled to the fruits of her own labor; or, if she seeks to recover damages for an injury to her business, she must allege that she was engaged in business on her own account, and by reason of the injury was injured therein as specifically set forth. No such allegations are contained in the complaint in this action.

Nevertheless the plaintiff was permitted to prove, against the objection of the defendant, that the evidence was irrelevant and immaterial, and called for special damages not alleged in the complaint; that she was engaged in the dressmaking business; sold fancy goods and dry goods; was accustomed to make from sixteen to twenty dollars per week; and that because of her injuries was prevented from working for two months. This was error. (*Gumb* v. *23d St. R. Co.,* 114 N. Y. 411; *Saffer* v. *D. D. E. B. & B. R. R. Co.,* 24 N. Y. S. R. 210.)

The respondent in support of the ruling cited *Hartel* v. *Holland,* (19 Weekly Digest, 312) and *Ehrgott* v. *Mayor, etc.* (96 N. Y. 275).

But the question here presented, involving the right to recover damages, which the law does not presume to be the immediate and natural consequences of the injury in the absence of a special averment of such damages, does not appear to have been raised or passed upon in either case. Therefore they do not support the respondent's contention.

As the exception taken to the ruling of the court referred to calls for a reversal of the judgment it is unnecessary to consider the other exceptions taken.

The judgment should be reversed.

All concur, except Haight, J., not voting.

Judgment reversed.