Helen Collins *vs.* Anne Dunbar.

Constance M. Poland *vs.* Anne Dunbar.

Frances Poland *vs.* Anne Dunbar.

Oxford.     Opinion, November 3, 1932.

*Arthur J. Henry,*
*Peter MacDonald,*
*George A. Hutchins,* for plaintiffs.
*Fred H. Lancaster,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

THAXTER, J.   These three cases were tried together. The plaintiff in each was a guest of the defendant, who owned a Hudson

sedan, which she was driving on the road between Skowhegan and Bangor. In attempting to make a turn she drove the car off the road into a bank along the border, and the plaintiffs suffered injuries. After a verdict for each of them the cases are before us on the defendant's motions for new trials and on exceptions.

The motions must be overruled. The evidence presented a question for the jury both as to the negligence of the defendant and the due care of the passengers. It is not seriously argued by the defendant that the damages awarded are excessive, and there is no basis for granting a new trial on this ground.

The first exception is to the admission of certain testimony. A Mr. Lohnes after the accident took the statement of Frances Poland. Questions were asked different witnesses about his coming to the house. Over objection they testified to his name, and one of them stated that she thought he was an officer. Defendant's counsel claims that the purport of the whole testimony indicated to the jury that he was a representative of an insurance company and that its admission was prejudicial. The evidence does not justify any such assumption, and was properly admitted.

Another exception is to the refusal of the presiding Justice to direct a mistrial. On the third day of the trial certain newspaper articles appeared which commented on the fact that there had been verdicts in favor of the plaintiffs in a previous trial, and contained, according to the defendant's contention, inaccurate recitals of the evidence being taken out in the trial then under way. The presiding Justice examined the jurors in regard to the newspaper articles. Four of them had read them, one of whom said that he read the articles to review the evidence. Each of the jurors, however, claimed that he was in no way influenced by what he had read. The Court gave an appropriate warning to the jurors that they must not read newspaper accounts of the trial, and impressed on them the importance of keeping their minds absolutely open on the questions at issue. The Court refused at the same time to grant the defendant's motion for a mistrial. Such ruling was a matter of discretion, which seems to have been properly exercised in this instance.

The remaining exceptions relate only to the case of Frances Poland. They are to the introduction of evidence bearing on her ability to work both before and after the accident, and to a charge

of the presiding Justice that if she had been accustomed to work and earn money before and up to the time of the accident, she was entitled to recover for any loss of earning capacity figured on the time that her disability due to the accident would continue. The defendant objected both to the admission of the evidence and to the charge on the ground that there was no allegation of loss of wages or of decreased earning capacity in the declaration. The evidence may have been admissible to show her different physical condition before and after the accident; but we think that the objection to the charge is well taken.

If the plaintiff seeks to recover for any special damage, the defendant should be given warning of such claim by an allegation in the declaration. A claim by a married woman for diminution of earning capacity or for loss of wages is regarded as such special damage. Enc. Pleading & Practice, Vol. 5, Page 757 ; *Uransky* v. *Dry Dock, East Broadway & Battery R'd Co.*, 118 N. Y., 304, 23 N. E., 451.

As there was no allegation in the declaration covering this point it was error to have submitted this issue to the jury.

The question of liability has been tried before two juries. Both have found in favor of the plaintiffs. It appearing to this Court that the verdicts are sound on that issue, a new trial in the case of Frances Poland will be granted only on the question of damages.

> *Motion overruled in each case.*
> *Exceptions overruled in cases of Helen Collins and Constance M. Poland.*
> *Exception to charge sustained in case of Frances Poland. New trial granted only on issue of damages.*