JACOB RINGLE and Another, Respondents, *v.* THE WALLIS IRON WORKS, Appellant, Impleaded with Another.

| 85  279 |
| 86  156 |

| 85  279 |
| 23ap121 |

| 85  279 |
| 155a 675 |

| 85h 279 |
| 52ad122 |

*Mechanic's lien for future services under chapter 342 of 1885 — practice on its foreclosure — false statements in the notice — entry on a calendar, not an order — motion for a new trial.*

Chapter 342 of the Laws of 1885 expressly authorizes a mechanic's lien to be filed in anticipation of work to be done or materials to be furnished. The intent of such statute is to assimilate the practice on the foreclosure of a mechanic's lien to that on the foreclosure of a mortgage.

A mechanic does not lose his lien because he is obliged to commence his action before the whole amount of the contract has become due; and, as in the case of a mortgage, a lienor upon the foreclosure of his mechanic's lien, if anything is due at the time of the commencement of the action, may recover all that has become due up to the time of the trial.

The objection in an action brought to foreclose a mechanic's lien, that the notice of lien contained false statements which rendered it invalid, will not be entertained upon appeal when it has not been raised upon the trial of the action.

The mere entry on the clerk's day calendar of the Special Term of the Supreme Court, opposite to the title of a case, of the word "discontinued," cannot be construed into an order of the court discontinuing the action. Such calendar is not in any respect a record of the court, but a mere memorandum arranging the business to be transacted therein.

Although the denial of a motion made for a new trial may appear upon the minutes of the court, yet an order is necessary in order that it may be reviewed on appeal.

APPEAL by the defendant, The Wallis Iron Works, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 15th day of October, 1894, upon the decision of the court rendered after a trial at the New York Special Term adjudging the amount due on the plaintiffs' mechanic's lien and directing the payment thereof.

*W. G. Wilson*, for the appellant.

*T. C. Ennever* and *E. L. Collier*, for the respondents.

VAN BRUNT, P. J.:

This action was brought to foreclose a mechanic's lien filed by the plaintiffs, as sub-contractors, against certain property belonging to the defendant, The Terminal Warehouse Company, known as pier No. 57, North river, to secure a sum of money claimed to be due and owing from the defendant and appellant, The Wallis Iron Works, to them. Notice of plaintiffs' lien was filed on the 16th of February, 1892, and this action was begun as to the appellant, The Wallis Iron Works, on the 5th of May, 1892, by summons dated April 26, 1892. On the 1st of April, 1892, upon the Wallis Iron Works giving a bond, an order was made discharging and canceling the lien of record. It is claimed that on the 6th of March, 1892, this action was discontinued as to the Terminal Warehouse Company because of an entry upon the clerk's day calendar of the Special Term, opposite the title of the cause, of the word " discon-

tinued." It is difficult to see how this action could have been dis-
continued on the 6th of March, 1892, when the summons was not
issued until April, 1892.

The defendant, The Wallis Iron Works, answered on the 20th of
May, 1892, and the issues presented by the complaint and answer
of the Wallis Iron Works were tried at the Special Term and a
judgment rendered in favor of the plaintiffs; and from the judg-
ment thus entered this appeal is taken.

The grounds which are alleged for a reversal of the judgment on
this appeal are, *first,* that no foundation was laid for awarding a lien
for any specific sum; that the plaintiffs in the action could recover
nothing except the amount actually due under this contract at the
time of the commencement of the action. This point is embraced in
the second objection raised, to the effect that the court erred in hold-
ing that the lien could be enforced for what was not due at the time
of filing the notice of lien or at the time of bringing the action. The
court held that as there was something due on this contract at the
time the action was begun, and that as it was for the foreclosure of a
mechanic's lien, assimilating in practice to the foreclosure of a mort-
gage, judgment would go for the entire amount due at the time of
the trial.

The first error into which the learned counsel for the appellant
seems to have fallen is, in not recognizing the fact that a mechanic's
lien can be filed under a contract for work *to be* done or materials
*to be* furnished. Upon an examination of the Mechanics' Lien Law
(Chap. 342, Laws 1885) it will be seen that the statute expressly
authorized a lien to be filed in anticipation of work to be done or
materials to be furnished. It further expressly provides that an
action must be commenced to foreclose the lien within a certain
period after the lien has been filed, and if a party has been unable
to complete his contract within that time he might lose the benefit
of his lien if he could not commence an action and recover for that
which was subsequently to become due.

It is urged that the learned court was mistaken in attempting to
assimilate the practice in lien cases and the practice in foreclosure
cases, to the extent of giving in an action to foreclose a mechanic's lien
all the remedies which are given in the foreclosure of a mortgage.
It is said that the foreclosure of a mortgage is an equitable proceed-

ing where the equitable rights of the parties are to be considered and their equities control the decree; while the foreclosure of a mechanic's lien, on the contrary, has been held to be and is a strictly statutory proceeding where the only things to be considered are the strict legal rights of the parties to the controversy. And it is further urged that in foreclosure suits the commencement of the action is not at all necessary to the continuance of the lien ; the lien rests upon the mortgage, which continues to be valid whether an action is commenced thereon or not.

Upon a consideration of the rights of parties in mechanic's liens and liens obtained by mortgage, it will be seen that in almost all respects they are the same. In the case of the mechanic's lien an action must be commenced or the lien extended within a short period. In the case of a mortgage the action must be commenced in a longer period ; but if it is not commenced within the period allowed by law, the lien of the mortgage, precisely the same as the mechanic's lien, ceases to exist by lapse of time. There was an evident intention in the statute to assimilate the practice in the foreclosure of a mechanic's lien to that of a foreclosure of a mortgage. It was not in the contemplation of the Legislature that a mechanic should lose his lien because he was obliged to commence his action before the whole amount of the contract had become due. As in the case of a mortgage, he might commence his action and recover all that was due at the time of the decree.

It would seem, therefore, under these circumstances, that the learned court was entirely right in holding that the plaintiffs in this action were entitled to foreclosure therein if anything was due at the time of the commencement of the action, and recover all that had become due up to the time of trial.

It is further urged that the notice of lien contained false statements which rendered it invalid. The notice of lien stated that at the time thereof there was justly due and owing to the claimants the full contract price. This point, however does not seem to have been raised upon the trial, although it is suggested in the appellant's answer. In the brief of the appellant our attention is not called to any part of the case in which any such question was presented upon the trial, and we have been unable to find any exception or motion which raises the same.

It is further urged that no judgment can be rendered for a lien after the discontinuance of the suit as against the Terminal Warehouse Company. There does not seem to have been any evidence in the case that the action had been discontinued as to the Terminal Warehouse Company. If we were to overlook the discrepancy in dates, still it does not appear that any order has been made or any direction of the court given for such discontinuance. A mere entry on the Special Term clerk's day calendar — which is not in any respect a record of the court, but a mere memorandum arranging the business to be transacted in the court — cannot be construed into a record of the court. A direction of this kind, even when entered upon the clerk's minutes, has been repeatedly held not to be equivalent to an order of the court. In the case of a motion for a new trial, although the denial of the motion may appear upon the minutes of the court, yet an order is necessary to bring the same up on appeal. But in this case there does not seem to have been even any entry upon the clerk's minutes, or any record whatever made, because the day calendars do not form any part of the records of the court.

Judgment should be affirmed, with costs.

PARKER and O'BRIEN, JJ., concurred.

Judgment affirmed, with costs.