(13 App. Div. 240.)

## WYCKOFF v. TAYLOR.

(Supreme Court, Appellate Division, First Department. January 15, 1897.)

1. PLEADING—VARIANCE OF PROOF—DISMISSAL OF COMPLAINT.
   A complaint on a quantum meruit for work and materials furnished should be dismissed where no detailed evidence of the work, material, and value is given, but merely that plaintiff had fulfilled the terms of his contract relative to the work, without showing that the architect's certificate had been given, as required by the contract, or showing facts dispensing with the necessity of the certificate.

2. CONTRACT—CONDITIONS AS TO TIME—BREACH.
   The continued failure on a contractor's part to complete a building in the time specified in the contract is a continuous breach of the contract, of which the owner may avail himself at any time by terminating the contract.

3. WORK AND LABOR—BURDEN OF PROOF ON PLAINTIFF.
    If a plaintiff seeks to recover on a quantum meruit after being denied the
    opportunity to finish a contract, he must prove what work he did, its value;
    and that it was not paid for; he cannot throw on defendant the burden of
    showing what he omitted under the contract.

Appeal from judgment on report of a referee.

Action by Jacob F. Wyckoff, as executor of Emily F. Wyckoff, deceased, against Catherine Taylor, on quantum meruit. From a judgment in favor of plaintiff, entered on the report of a referee, defendant appeals. Reversed.

The original plaintiff, Emily F. Wyckoff, brought this action, as assignee of John J. Kierst and William F. Morgan, to recover for work done and material furnished to the defendant upon land owned by her in the city of New York. The referee awarded $670.95 upon the Kierst claim, and $300 upon the Morgan claim. The complaint alleges, for the first cause of action, that Kierst made a contract with the defendant on January 20, 1885, to furnish certain labor and material; and "that said Kierst furnished the materials and performed the labor provided in said contract so far as he was allowed to do so by defendant; and on or about April 20, 1885, said defendant prevented said Kierst from completing said work under said contract, leaving due and unpaid the sum of $1,900, which sum is still due and unpaid." The contract was a written one, and is in evidence. By it, Kierst agrees with the defendant that he "shall and will, for the consideration hereinafter mentioned, on or about the 20th day of March, 1885, well and sufficiently erect and finish" a certain building,—an extension to another building owned by the defendant,—in accordance with certain plans and specifications, and to the satisfaction of the architect; also, that he will do certain work upon the old building. The contract price is $4,900, to be paid in four installments, as the work progressed, upon the architect's certificate, approved by the building department. At the trial, the plaintiff, after introducing the contract in evidence, put the assignor, Kierst, upon the stand. He testified to an additional agreement to do certain extra work for $300; that the defendant expelled him and his men from the premises; but that, at the time of such expulsion, he had substantially completed all the work. On this evidence, coupled with proof as to ownership of the cause of action, the plaintiff rested. The defendant moved to dismiss the complaint, on account of failure to plead and prove that the necessary certificate had been given by the architect. The motion was denied, and the defendant excepted. She then gave evidence as to the amount and value of the work which Kierst had left undone, and which she was obliged to supply. The plaintiff gave rebutting evidence on these heads. The case was then closed. The defendant renewed her motion to dismiss; and it was again denied, and an exception taken. The referee awarded the plaintiff the full contract price, of $5,200, less such sums as had been paid, and such as he found that the defendant had been compelled to expend in order to complete the work.

Argued before BARRETT, RUMSEY, WILLIAMS, O'BRIEN, and INGRAHAM, JJ.

Benjamin Scharps, for appellant.
B. C. Chetwood, for respondent.

BARRETT, J. There can be no doubt from the complaint—and the position was emphasized by an admission of plaintiff's counsel during the examination of the witness Schildwachter—that the action was to recover upon a quantum meruit for the reasonable value of the work and material furnished by Kierst, not for damages for breach of contract. But the proof did not conform to the pleading and admission. No detailed evidence was given of the work and

material, and its value. Kierst simply testified, generally, to ful-fillment of the contract on his part. The plaintiff thus made out a prima facie case for a recovery of the full contract price, less the sums paid thereon. He made out no other cause of action, nor did he attempt to do so. The defendant had a perfect right to hold him to the position thus deliberately taken; and the complaint should have been dismissed, unless facts were shown dispensing with the necessity for the architect's certificate. It was not necessary to base the motion to discuss upon the specific ground that the evidence was insufficient for a recovery upon a quantum meruit. It appeared beyond dispute that the proof had been confined to what was requi-site for a recovery upon a different ground, namely, substantial ful-fillment of the contract. The most that could be required of the defendant's counsel was that he should point out the change in the theory of the action, and state that his motion was made in view of it. This he clearly did. No architect's certificate was shown, nor was evidence given that such a certificate was requested and un-reasonably refused. This was the condition of the case when the plaintiff rested (as he did) upon Kierst's testimony that the contract had been substantially fulfilled. But this prima facie case of ful-fillment fell as the trial proceeded; and, when the testimony was all in, it appeared beyond a doubt that the contract had never been fulfilled. Indeed, the trial, after the plaintiff rested, proceeded mainly upon a dispute as to the cost of work which was confessedly unfinished at the time Kierst was stopped; and it was indisputably proved that items of work of prime importance, costing hundreds of dollars to supply, were unfinished when he left. Under this state of the proof, the motion to dismiss was renewed, and again denied. This is not, therefore, the common case of a contractor proving full performance to show that the architect's refusal was unreasonable.

The plaintiff's whole claim is based upon an erroneous view of his position at the time he was stopped. Kierst agreed to complete the work "on or about the 20th day of March, 1885." He testifies that he was expelled the latter part of April, or beginning of May; the defendant, that it was on April 14th. In either case it was over three weeks after the work should have been turned over, com-plete, to the defendant. No excuse for this delay, having any sub-stance, is given. The defendant was not to blame in any way; and the plaintiff, with great philosophy, treats it as one of the neces-sary evils which an owner is compelled to put up with when he en-ters into a building contract. It is impossible, however, for the law to overlook this breach with the same easy good nature. If the provision of the contract as to time is to be overlooked, it must be because the case falls within that narrow class where courts have always held time not to be of the essence of the contract. On this head, Parsons says:

"The court will always inquire into the time when a thing is to be done, as they will into any other part of the contract. If it seems that the whole value or a material part of the value of the transaction depends upon its being done at a cer-tain time, and no other, or that the substitution of any other will subject him [one of the contracting parties] in any way to loss or material inconvenience, then

time is certainly of the essence of the contract, so far as he is concerned, and the court will so regard it." 3 Pars. Cont. side pages 384–386.

Most certainly, this case is of the class thus referred to. The defendant testified, without contradiction, that she saw the delay would result in her not being able to rent the building when the season came. But it required no such testimony to show that time was here of the essence of the contract. It was manifest from its very nature that delay meant loss of rents.

Nor did the defendant waive her right thus to terminate the contract. It appears that she did not expel Kierst at once when he ran over his time. But this cannot be construed into a consent that he might go on, in any event, until he should get the work done. An owner may be willing to wait for a brief period, without being willing to wait indefinitely. The continued failure on the contractor's part to complete the work is a continuous breach of the contract, of which the owner may avail himself at any time. To hold otherwise would put the owner completely at the mercy of a dilatory contractor. We do not mean to intimate that the owner may induce the contractor to continue work under the belief that the contract is still in existence, and then refuse to pay him for the work so done. We are not here concerned with the work already done. The question presented by the plaintiff's claim now under consideration is whether Kierst had the right to remain and finish his work; and we must hold that he had not. Having failed to complete when he agreed to, the defendant had the right to make him give way to speedier contractors. Thus, the plaintiff failed to show a right to recover the contract price of $5,200, and the whole basis upon which the referee made his award is erroneous. As the plaintiff insisted upon recovering the contract price, the defendant was justified in demanding proof that his assignor had earned that sum in accordance with the terms of the contract. She made such a demand at the proper time, and in the proper manner.

If the plaintiff seeks to recover upon a quantum meruit, he must prove what it was he did, which was not paid for under the contract, and its value. He cannot throw upon the defendant the burden of showing what he omitted. Nor can he escape this result by contending that the full contract price shall represent the reasonable value of the contract work. It is no evidence whatever of such value. Gumb v. Railway Co., 114 N. Y. 411, 21 N. E. 993; Kennedy v. McKone (Sup.) 41 N. Y. Supp. 782. He cannot evade a heavy burden of proof by calling his action one thing when it is in fact another. Though he sued upon a quantum meruit, his proof was for a recovery under the contract; and, by the course of the trial, this cause of action became practically substituted for the other. Nor was its nature changed by the concession that the defendant might cut down the amount, so far as she could, by proof of the value of the uncompleted work. The plaintiff could not thrust this concession upon the defendant, and take in exchange, against her will, the right to call the contract price of $5,200 the prima facie value of the work done. It is true that considerable laxity has

arisen in regulating the rights of parties to building contracts. Courts have been quick—perhaps at times overquick—to work out from the facts presented a waiver, on the part of the owner, of rights he would otherwise have had against the contractor, by reason of the nonfulfillment of the agreement, either as to the time of performance or the details of the work. But these cases have not assumed to nullify or disregard precise provisions deliberately put into the contract by the parties. They were generally based upon the finding of acquiescence as a fact. No such fact can here be found. Whatever the respective rights of the defendant and Kierst as to the work which had already been done, it is certain that the former was at liberty to discharge the latter at the time she did. To hold otherwise would be to declare the terms of the contract of no importance in a most material point, and to render it unsafe for any responsible man to enter into a contract for the erection of a building upon his land. If he did so, it would be with the assurance that, in case he for a single instant tolerated breaches by the contractor, he would be deemed to have forever waived them; and that if he refused to tolerate them beyond a certain point, and determined (when he could bear them no longer) to stand on what he might not unnaturally consider to be his legal rights, he would be liable in damages as one who had committed an unjustifiable breach of his agreement.

As the judgment must, for the reasons stated, be reversed, it becomes unnecessary to consider the second cause of action, upon the Morgan claim, as to which the evidence and findings may be entirely different upon a new trial.

The judgment should be reversed, the order of reference vacated, and a new trial ordered, with costs to the defendant to abide the event. All concur.