(23 App. Div. 120.)

McAVENEY v. PASQUINI et al.

(Supreme Court, Appellate Division, Second Department. December 21, 1897.)

1. WORK AND LABOR—EVIDENCE.
    In an action on quantum meruit, proof of the value of the work done is essential, and for this purpose the contract price is no evidence whatever.
2. SAME—ACTION BY SUBCONTRACTOR.
    The same principle applies, in such an action by a subcontractor, to exclude evidence that the price fixed by the principal contract is larger than that in the subcontract, and that it has been paid in full to the defendant, the principal contractor.

Appeal from judgment on report of referee.

Action by Bryan McAveney against Attilio Pasquini and others. From a judgment for plaintiff, entered on the report of a referee, defendants appeal. Affirmed on condition.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Charles H. Luscomb, for appellants.
George S. Daniels, for respondent.

GOODRICH, P. J. The plaintiff sues to recover for work done and materials furnished in the construction and erection of the armory of the Twenty-Third regiment, in the city of Brooklyn. The defendants had a contract with the state to do certain work in excavating for the armory at the price of $11,000, and they made a subcontract with the plaintiff to do the same work for $9,000. The complaint alleged the making of an oral contract between the parties to the action on July 27, 1891, which was reduced to writing, dated September 11, 1891, with certain subsequent oral modifications, by all of which it was agreed that the plaintiff was to do all the excavation according to certain plans and specifications for the building of the armory for the sum of $9,000, to furnish certain stone, and do the carting of materials at specified prices. For this work the defendants agreed to make monthly payments for materials and labor

furnished, less 15 per cent., and the balance upon the completion and acceptance of the armory. The complaint also alleged that on November 11, 1891, another written contract was made, by which the plaintiff was to do all the cartage of sandstone and other material for the sum of $700; that the plaintiff, in pursuance of the first contracts, furnished stone of the value of $4,808.53 and $1,356.80, did carting to the value of $3,267.65, $148.76, $466.82, $30, and $56.50, performed certain work in excavating to the value of $8,500, and also performed labor in piling stone and brick to the value of $60.92 and $106.75, in putting down sheath piling, the value of which was $450, and extra service in excavating for sand, not included in the written contract, amounting to $500; and that under the second contract the plaintiff entered upon the performance, and did certain work, but was prevented by the defendants from completing it by reason of their refusal to make payments as they became due, whereby he suffered damage in the sum of $500. The aggregate of these claims is $20,252.73, upon which the complaint admitted payment of $15,105.01, leaving due $5,147.82. It was further alleged that of this sum $2,712.26 was the amount of the 15 per cent. which was to be retained until the completion and acceptance of the armory, and judgment was demanded for the difference, $2,435.56, with interest; but as at the time of the trial the armory had been completed and accepted, the plaintiff was entitled to recover whatever was actually due at the time of the trial. Ringle v. Iron Works, 85 Hun, 279, 32 N. Y. Supp. 1011. The answer admitted that the items for stone, $4,808.53 and $1,356.80, and for carting, $3,267.65, $148.76, $466.82, $30, and $56.50, and for piling brick, $106.75, were correct, and that excavating work to the value of $7,112.80 had been done. This admission renders necessary the consideration of several items: First, the difference between the values of the excavation as claimed by the plaintiff and defendants, respectively; second, piling stone, $60.92; third, the extra excavation, $450; fourth, the damages under the second contract, $500. The referee allowed the plaintiff for the second, third, and fourth items, but disallowed his claim for sheath piling.

The complaint is as for quantum meruit. This was conceded by the counsel for both parties in their briefs and on the argument of the appeal. The plaintiff was, therefore, bound to establish the value of the work done in such excavation. He seems to have been contented with showing that the price named in the contract was $9,000, and that the whole work was completed, with the exception of about 500 yards, the value of removing which would have been $500; that the defendants had a contract with the state for doing the same work at $11,000, and had received payment of the entire amount. He claimed that the difference between the contract price and the amount left undone constituted the quantum meruit. This is an erroneous view of the law. The price named in the contract of the defendants with the state, or in the subcontract with the plaintiff, furnishes no criterion of value. There is no evidence whatever of the value of the excavating work done except that $500 in value of the whole work is left undone, supplemented by proof that the defendants

have been paid their entire contract price upon the certificates of the state engineer, given from time to time, as to the amount of payments to which they had become entitled under their contract with the state. The difficulty with the proposition is that the payment by the state was not based upon any certificate of the state engineer as to the value of the work done by the defendants, but upon the proportionate amount of work done under the contract. This is not evidence as to the value. It might have been admissible evidence if the action had been brought for the contract price after the completion of the contract, but it is not evidence where the action is on quantum meruit. Non constat but that the contract price named in both contracts was excessive. In Wyckoff v. Taylor, 13 App. Div. 240, 43 N. Y. Supp. 31, a similar question was under consideration, and the court (Barrett, J.) said:

"No detailed evidence was given of the work and material, and its value. * * * If the plaintiff seeks to recover upon a quantum meruit, he must prove what it was he did which was not paid for under the contract, and its value. He cannot throw upon the defendant the burden of showing what he omitted. Nor can he escape this result by contending that the full contract price shall represent the reasonable value of the contract work. It is no evidence whatever of such value. He cannot evade a heavy burden of proof by calling his action one thing, when it is, in fact, another. Though he sued upon a quantum meruit, his proof was for a recovery under the contract, and by the course of the trial this cause of action became practically substituted for the other. Nor was its nature changed by the concession that the defendant might cut down the amount, so far as she could, by proof of the value of the uncompleted work. The plaintiff could not thrust this concession upon the defendant, and take in exchange—or against her will—the right to call the contract price of $5,200 the prima facie value of the work done."

Even if our views were antagonistic to this clear statement of the law, we should hesitate before differing with the learned appellate division of the First department. But that opinion is well sustained by other authority. U. S. v. Behan, 110 U. S. 338, 4 Sup. Ct. 81, which was followed by this department in Simmons v. Ocean Causeway, 21 App. Div. 30, 47 N. Y. Supp. 360. The answer, however, admits that the value of the excavating work done was $7,112.80, and the plaintiff is entitled to recover that sum, instead of $8,500, as the value of such work. As to the other items of work and materials, and the amount of payments allowed or disallowed by the referee, we have carefully examined the evidence, and think his findings are sustained by sufficient proof.

The judgment must be reversed, and a new trial granted, unless the plaintiff stipulates to reduce the judgment by deducting $1,387.20 and interest, in which case the judgment is affirmed. All concur.