LENNON v. SMITH.

(Supreme Court, Appellate Division, First Department. December 10, 1897.)

1. CONTRACTS—BREACH. .
    Where a contractor refuses to sign specifications because of a provision in them that he is to build a brick underpinning wall, as a part of the cellar he has contracted to build, it is no breach of contract for him to refuse to build the underpinning wall.

2. SAME—SUBSTANTIAL PERFORMANCE.
    Where there is a substantial performance of a contract, the contractor can recover the contract price of his work, without proof of the value of it.

3. APPEAL—REPORT OF REFEREE.
    In support of a judgment founded upon the report of a referee, any necessary fact may be ascertained from the evidence, whether or not the referee's finding includes it.

4. EVIDENCE OF VALUE.
    A judgment for the value of work performed upon a contract cannot be sustained upon the theory of quantum meruit, in the absence of proof of the value; the contract price alone being insufficient evidence of the value.

Appeal from judgment on report of referee.

Action by Michael Lennon against Mary F. C. Smith, impleaded with others. From a judgment of foreclosure the defendant Mary F. C. Smith appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Frank Walling, for appellant.
E. T. Wood, for respondent.

BARRETT, J. I think the judgment should be affirmed, for the following reasons:

1. The plaintiff was under no obligation to construct the brick underpinning wall. By the contract, he was to "build and complete a cellar, as shown upon the drawings and set forth in the specifications prepared by architect, the which drawings and the specifications are verified by the signatures of the parties hereto, and are taken as a part of this contract." No specifications were ever signed, and hence the paper drawn by the appellant's architect, and containing

the provision as to the underpinning, was not, on its face, part of the contract. If the failure to sign it was a mere inadvertence, and it was in fact the paper contemplated by the parties, other means of identification than the signature might be sufficient. But the evidence for the plaintiff shows that his signature was withheld purposely, because he refused to build this brick wall. In connection with the presumption furnished by the absence of his signature, the evidence in his behalf strongly preponderates.

2. The neglect to build this wall is the principal charge against the plaintiff. The appellant gave evidence to show that in other particulars the work was not completed, but the uncontradicted testimony of the plaintiff showed that. although at the period of which the appellant's witnesses spoke the work was not quite done, it was finished soon after. Confusion has resulted from the fact that the appellant employed the same man (one Fortunati) to build the underpinning who had previously built the cellar wall for the plaintiff. The preponderance of evidence is to the effect that the plaintiff built a complete cellar wall, exclusive of underpinning,—in other words, that he substantially performed his contract. Any incidental omission was more than compensated for by the referee's deduction of a large part of the sum paid to Fortunati for the underpinning work. This was in fact unjust to the plaintiff, but furnishes no ground of complaint to the appellant.

3. The referee found that the work done was of the value specified, and there was no proof of value in the case. But the evidence shows that he allowed for the work done at contract prices, with the deduction specified. . As plaintiff substantially performed, this was proper; and, in support of the judgment, the existence of this and the other facts alluded to may be ascertained from the evidence. Ogden v. Alexander, 140 N. Y. 356, 362, 35 N. E. 638. It would, however, be impossible to sustain the judgment on the theory that the action was upon a quantum meruit, on account of the failure of proof mentioned. The contract prices are, alone, insufficient evidence of value. Gumb v. Railway Co., 114 N. Y. 411, 414, 21 N. E. 993; Wyckoff v. Taylor, 13 App. Div. 240, 43 N. Y. Supp. 31.

For the reasons stated the judgment should be affirmed, with costs.

VAN BRUNT, P. J., and RUMSEY, J., concur.

INGRAHAM, J. (concurring). The action was brought to foreclose a mechanic's lien for work done under a contract between the plaintiff and the defendant Mary F. C. Smith, by which the plaintiff was to excavate a certain cellar for a building to be erected on the premises owned by the said defendant, and build and furnish the materials for a cellar wall for such building. By such contract the plaintiff was to receive for the excavation of the cellar 35 cents per cubic yard for clay, and $1.75 per cubic yard for rock, and to receive for building the cellar wall 16 cents per cubic foot. The work was to be done "as shown upon the drawings and set forth in the specifications prepared by the architect, which drawings and specifications are verified by the signatures of the parties hereto, and are taken as

part of this contract. And the said party of the first part agrees that all materials furnished or workmanship employed shall be of the very best character and quality, as mentioned in said specifications, and shall be approved of by the said architect, whose decision in all matters affecting the same shall be final and conclusive." Plaintiff further agreed to save the defendant free from all liens which might possibly be enforced on account of materials furnished and workmanship employed or work done on or about the said premises, "and that he will complete, in accordance with the said drawings and specifications, all the work that is to be done, by the 19th day of June, 1896." And a penalty of $20 a day for each and every day that the work remained unfinished beyond that time was provided for. The answer of the defendant denied any knowledge, or information sufficient to form a belief, as to whether or not the work alleged to be performed and the materials furnished were of the reasonable value of $725.37, as alleged in the complaint, and, as a counterclaim, alleged that the plaintiff had refused to perform the work and furnish the materials required by said contract, to the damage of the defendant, prior to the commencement of the action, in the sum of $3,740; and the defendant demands judgment against the plaintiff for this sum. The referee before whom the case was tried found the execution of the contract; that the plaintiff entered upon the performance thereof; "that he was deterred from finishing said work under the terms of the contract by the defendant Mary F. C. Smith, and her agents; that the whole value of the work done upon the premises described in the complaint, and which was contemplated being done under the agreement, was of the value of seven hundred and twenty-five dollars and thirty-seven cents, of which two hundred and sixty-five dollars and twelve cents were paid to one Fortunati for work done and material furnished in finishing up the work under the terms of said agreement after the plaintiff had been deterred by the defendant and her agents from completing said work under its terms"; that the value of the work done and materials furnished upon the premises by the plaintiff was $459.25, for which sum the referee awards judgment to the plaintiff. There was no allegation in the complaint that the materials furnished or the work done were approved by the architect, or were to the full and entire satisfaction of the architect, or were ever accepted by the defendant or the architect; nor does the answer allege that the work was not done to the satisfaction of the architect, or that it was rejected by him. There was evidence tending to show that one Cocheu, who was the architect of the building, was present when the work was done by the plaintiff; that, after the plaintiff had the rock stripped, the architect stopped the work for eight or ten days; that then the plaintiff went to work at the excavations, blasting the rock and building the foundation, which was almost finished, except the bay window, when the architect stopped the plaintiff again, taking away the masons; that when the plaintiff went to work, doing more blasting, the architect again stopped him, and then said to the plaintiff's representative who had charge of the work, "Mrs. Smith has made other arrangements." The latter testified: "I told him, as we were started, we were going to finish; he had ordered us to do it. He says, 'You can

finish it, but you will never get a cent for it.' So I took the men out of the hole." This architect was also the defendant's brother, and appears to have been her agent, and in charge of the work. There was also evidence to show that the specifications mentioned in the contract were never furnished to the plaintiff by the architect, that he had no knowledge of them, and that no such drawings and specifications were signed by the parties as were contemplated by the contract. The defendant gave evidence tending to contradict that of the plaintiff, both as to the work done under the contract, as to the existence of the plans and specifications, and their delivery to the plaintiff, and that the plaintiff had failed to complete his contract, without being hindered or delayed by the defendant. That question of fact, however, was for the referee, and his determination of it should not be disturbed.

There are several objections to the recovery by the defendant, but we think that none of them requires a reversal of this judgment. The allegations of the complaint are sufficient to justify a recovery for the work actually done. The complaint alleges the making of the contract; that the plaintiff performed work, labor, and services for the defendant; and that the fair and reasonable value of the services so performed and the materials so furnished was the sum of $725.37. It is true that there is no allegation in the complaint that the plaintiff was prevented by the defendant from performing the rest of the contract, but as evidence of that fact was received without objection, and as the recovery was only for the work that was actually done, the absence of such an allegation would not justify a reversal. We also think that there was evidence tending to show the amount and value of the work done by the plaintiff. By the contract, he was to be paid a specific price per cubic yard for the work done by him. When he was prevented by the defendant from completing the contract, he was, under the circumstances, entitled to recover for the work done, at the contract price. Nor is the objection as to the failure to procure the certificate of the architect being a bar to the plaintiff's recovery well taken. In the contract there is no provision requiring a certificate of the architect as a condition precedent to the right to receive the contract price. This objection, however, is not fatal to a recovery in this case, because the referee has found, upon evidence sufficient to sustain the finding, that the defendant prevented the plaintiff from completing the contract, and doing all the work that he was required to do under it. This action of the defendant in preventing a completion of the work by the plaintiff is a waiver of any provision in the contract requiring the work to be done to the satisfaction of the architect, or that the money was to be paid upon the order of the architect. There can be no doubt but that the architect was the defendant's agent. He is spoken of in the contract as her architect. He was her brother, prepared the contract as her representative, and acted for her throughout in making the contracts and superintending the building.

Conceding, as we must, that the disputed questions of fact have been disposed of by the referee, we see no legal objection to the plaintiff's recovery, and no error was committed to justify a reversal of the judgment; and it is affirmed, with costs.

O'BRIEN, J., concurs.