J<span style="font-variant:small-caps">ENKS</span>, P. J., C<span style="font-variant:small-caps">ARR</span>, M<span style="font-variant:small-caps">ILLS</span> and P<span style="font-variant:small-caps">UTNAM</span>, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.

---

G<span style="font-variant:small-caps">EORGE</span> F<span style="font-variant:small-caps">EATHERSTONE</span>, Respondent, *v.* C<span style="font-variant:small-caps">HARLES</span> F<span style="font-variant:small-caps">OWLER</span>, Appellant.

First Department, November 3, 1916.

**Master and servant** — action to recover for services rendered — proof not justifying recovery — failure to prove value of services — evidence — indefinite contract unenforcible.

Action to recover for personal services rendered in an attempt to combine certain business interests. By the original agreement the plaintiff was to be paid his expenses but no salary, and was to be rewarded by benefits which would accrue if he were successful in the project. Plaintiff gave testimony as to a subsequent oral promise of the defendant to compensate him for his time, labor and trouble, no amount being fixed, but this promise was denied by the defendant. On all the evidence, *held,* that a verdict based on a finding that the defendant had agreed to compensate the plaintiff was against the weight of evidence.

That in any event the plaintiff was not entitled to recover as he had failed to produce any evidence from which the jury could fix the value of his services.

*It seems,* that a promise to pay the plaintiff "for his time, his labor and his trouble" is so indefinite as to be unenforcible.

A finding as to the value of the plaintiff's services could not be founded upon evidence as to his former earnings for services entirely different from those rendered to the defendant.

APPEAL by the defendant, Charles Fowler, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of November, 1915, upon the verdict of a jury, and also from an order entered in said clerk's office on the 3d day of November, 1915, denying defendant's motion for a new trial made upon the minutes, plaintiff having stipulated to reduce the amount of the verdict.

*Charles Thaddeus Terry,* for the appellant.

*Louis B. Williams,* for the respondent.

SCOTT, J.:

This is an action for services. The defendant, who had been engaged for many years in dealing in the manufacture and sale of refined cod liver oil, and who had apparently accumulated some means, conceived the idea of combining and controlling all the concerns engaged in extracting oil from the livers of codfish. These concerns were located in Norway and New Foundland. Plaintiff, at the time of the alleged contract sued upon, was a young man who had been in various employments, none of which appear to have held permanent promise or to have been very remunerative.

On October 4, 1912, defendant, who was then in Paris, cabled to plaintiff in New York as follows: "Can you come over immediately. Three months expenses paid. No salary. Splendid prospects if you make good. Answer." Plaintiff promptly accepted and went to Paris, where defendant divulged his plans and arranged that plaintiff should go to Norway to meet the manufacturers there and ascertain if a combination of their interests was possible. It was deemed essential that the utmost secrecy should be observed both as to the real object of plaintiff's visit to Norway, and as to the identity of his employer. It is at this interview at Paris that, as plaintiff says, defendant agreed to compensate him for his services. His version is that

defendant, after picturing the splendid results to plaintiff that would follow upon a successful consummation of the enterprise, further promised that if the scheme did not go through he (defendant) would pay plaintiff " for your time and your labor and your trouble." That this promise, or any promise like it, was ever made by defendant is specifically denied by defendant and by his wife, who was present at the interview. Plaintiff went to Norway, and later to New Foundland, and appears to have been measurably successful in his mission, although for some reason, not disclosed, the scheme fell through and was abandoned. Plaintiff was engaged in the work for nearly three months, his expenses being paid by defendant.

The jury rendered a verdict in his favor for $3,000, which was reduced to $2,000 as a condition of a denial of the motion for a new trial. We find two obstacles to an affirmance of this judgment.

In the first place a majority of the court is of the opinion that the finding that defendant agreed to pay plaintiff for his services, in addition to his expenses, is against the weight of the evidence. It is true that there is some evidence to sustain it in plaintiff's testimony, but he is outsworn on this point by two witnesses who, while interested, are no more so than is plaintiff himself. The probabilities of the case seem to us to be all against the plaintiff. He made the voyage from New York to Paris upon the distinct understanding that he was to receive his expenses, but no salary, looking for his compensation to the splendid prospects in case of success, and he distinctly says that it was this prospect of a splendid return in case of success which led him to accept defendant's proposition. Furthermore, there was considerable correspondence between the parties respecting the payment of plaintiff's expenses and their amount, but never a word about any salary, and after plaintiff's employment terminated somewhat abruptly in January, 1913, he appears to have made no claim that he was entitled to salary until he began this action some months later. His positive testimony that defendant agreed to pay him for his services was doubtless sufficient to take the case to the jury on this issue, but, as we look at it, the weight of the evidence is very distinctly in favor of the defendant.

The second reason why the judgment cannot be affirmed is that there is no evidence in the case upon which a jury could reasonably fix the value of plaintiff's services, and certainly none to justify the verdict rendered by the jury or even the reduced amount. The promise, as testified to by plaintiff, was most vague. It furnished, in itself, no standard by which the amount to be paid could be determined. It was to pay plaintiff "for his time, his labor and his trouble," but according to what scale payment was to be made, or who was to determine the amount, is left wholly undetermined and indefinite. In this aspect the promise relied upon is even more indefinite than that which was held to be unenforcible because too vague, indefinite and uncertain in *Varney* v. *Ditmars* (217 N. Y. 223). There the promise was to pay plaintiff and other employees a "fair share" of profits and this was held, upon a review of many cases, to be so indefinite and uncertain as to amount to no promise at all which could justify a recovery. And even if, under any circumstances, defendant's alleged promise could be enforced it could only be upon proof of the value of the services rendered, and the burden rested upon plaintiff to establish this value by competent proof. (*Wyckoff* v. *Taylor*, 13 App. Div. 240; *Kleb* v. *Wallach*, 6 id. 583; *Klein* v. *American Cigar Co.*, 108 id. 341. And see dissenting opinion of CARDOZO, J., in *Varney* v. *Ditmars, supra.*) The only evidence at all bearing upon the subject was as to plaintiff's earnings in previous occupations, but this clearly furnished no guide to the jury and was apparently not considered by them, as even that evidence would not have justified their verdict. But, in truth, that evidence was of no value because the business upon which plaintiff was employed by defendant was in every possible way totally unlike anything he had ever been previously engaged in, and presumably he had been obliged to pay his personal expenses out of his prior earnings, whereas defendant paid all of those while the employment in question lasted. It is very probable that plaintiff will be unable to produce legal evidence as to the value of his services, even if the jury should again find that value was promised to be paid, but that result will be due entirely to the vagueness and indefiniteness of the agreement upon which he relied.

The judgment and order appealed from must be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., SMITH and PAGE, JJ., concurred; LAUGHLIN, J., concurred on the second ground.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.