SILLUR REALTY CORP., Plaintiff, *v.* LIRCO REALTY CORPORATION et al., Defendants.

Supreme Court, Special Term, Queens County, January 8, 1954.

*Levy & Kornblum* for plaintiff.

*Edward N. Costikyan* for Margaret Goldsmith, defendant.

*Myron Gould* for Lirco Realty Corporation and others, defendants.

DALY, J. This is an action to foreclose a vendee's lien.

On November 12, 1952, by three separate agreements plaintiff contracted to purchase from the defendants three contiguous parcels of land in Forest Hills. All three parcels were subject to restrictive covenants prohibiting the erection of anything but a one-family house. Said covenants, however, reserved to the common grantor, Cord Meyer Development Co. (hereinafter called Cord Meyer) the right to release any part of the premises from said covenants or to alter the same. Since plaintiff intended to build a large apartment house, each of the contracts, after reciting the restrictive covenants, contained the following provision: '' In the event the seller herein is unable to get a cancellation or modification of said restrictive covenants in order to permit the erection of a multiple dwelling on or before December 3, 1952, the purchaser herein shall have the option to cancel this contract upon notifying the seller by registered mail that he intends to cancel this contract because of the failure to modify the restrictive covenants to permit a multiple dwelling; then, and in that event, the seller shall return to the purchaser the sum paid on the signing of this contract, and this contract shall thereupon become null and void, and neither party

shall have any claim against the other; or the purchaser herein shall have the right to secure the cancellation or modification of said restrictive covenant in order to erect a multiple dwelling within three weeks after notification by the attorney for the seller that he is unable to secure said cancellation or modification of said restrictive covenants.''

Defendants were unable to obtain a modification by December 3, 1952, but their time was extended on three different occasions, first to December 10th, then to December 17th, and finally to December 24th. On December 16, 1952, a proposed agreement, allegedly acceptable to Cord Meyer, was mailed to plaintiff's attorneys. Said agreement proposed to alter the existing restrictions so as to permit the erection of a six-story elevator apartment house, but it required plaintiff to agree to the following conditions:

1. That the plans and specifications be approved by Cord Meyer.

2. That no signs be erected on the roof, front or sides of the building without Cord Meyer's written approval.

3. That the building be set back at least five feet from the building land.

4. That fire escapes be completely recessed unless constructed in courtyards.

5. That Cord Meyer should have the right to approve the brick to be used in the construction of the building and to designate the walls on which face brick must be used.

6. That Cord Meyer should have the right to approve entrances to and exits from any garage constructed as part of the apartment house.

7. That no more than three master television aerials be maintained upon the roof of the building.

On December 19, 1952, plaintiff's attorneys wrote to defendants' attorneys stating their objections to some of the conditions contained in the proposed agreement. On December 24, 1952, the attorneys for the defendants replied, stating the answers made to the plaintiff's objections by a representative of Cord Meyer and in effect saying that Cord Meyer would make no changes in the proposed agreement. Defendants further stated their contention that the proposed agreement complied with the contract provision with respect to cancellation or modification of the restrictive covenants. On December 29, 1952, plaintiff replied, stating its contention that the proposed agreement failed to comply with the contract provision and electing to

cancel the contracts. Upon defendants' failure to return plaintiff's deposit, this action was brought to enforce a vendee's lien.

Defendants' first contention is that the proposed agreement which they were able to obtain from Cord Meyer constituted sufficient compliance with the contract provision. The contracts required defendants to obtain a "modification * * * in order to permit the erection of a multiple dwelling * * *." Such language certainly did not contemplate that plaintiff would cede to Cord Meyer, a third party, complete control over the type of building to be erected and even as to the manner of using it after it had been erected. The proposed agreement would have given Cord Meyer complete control over the specifications. Such complete control hardly constituted a modification.

The word "modification" is defined in the Winston dictionary as "a slight change in form; especially, a slight reduction; abatement". The proposed agreement did not constitute a modification of the respective covenants, but rather a substitution of other restrictive covenants for those then in force. It did not comply with the requirements of the contracts.

On January 27, 1953, defendants obtained another agreement from Cord Meyer, modifying the restrictive covenants "so as to permit the erection of a multiple family dwelling". This agreement, presumably, would have constituted compliance with the contracts had it been received in due time. It was mailed to the plaintiff on January 29, 1953. Defendants contend, however, that time was not of the essence, that they had a reasonable time after the last extended date, December 24, 1952, to comply with the contract requirements, and that the second modification executed on January 27, 1953, and mailed on January 29, 1953, was performance within a reasonable time.

What constitutes a reasonable time must be determined by the facts and circumstances of each particular case. Here the original contracts, signed on November 12, 1952, provided that the cancellation or modification was to be obtained by December 3, 1952, a period of exactly three weeks. Extensions were thereafter meticulously requested and obtained for one week at a time until December 24, 1952, a total of another three weeks. The contract also limited plaintiff's time to obtain a modification itself in lieu of canceling the contract to the three weeks following notification from the sellers that they could not obtain the modification. By these standards performance on January 27, 1953, or January 29, 1953, more than a month after the last extended date, cannot be deemed a reasonable time.

Moreover it must be noted that defendants' attorneys, themselves, in their letter of December 24, 1952, notifying plaintiff of their contention that the original proposed agreement constituted compliance with the contract, adverted to the fact that the contracts required them to advise plaintiff whether they had obtained a modification. They thus showed an awareness that December 24, 1952, was the last day for performance on their part and, in addition, thus set running plaintiff's three weeks in which to obtain a modification itself or cancel the contract. In that letter defendants did not request a further extension of time as was done in *Ballen* v. *Potter* (251 N. Y. 224).

Under the circumstances a reasonable time did not extend to January 27, 1953. Defendants failed to comply with the contracts and plaintiff was justified in canceling them. Accordingly, judgment is granted in favor of the plaintiff as demanded in the complaint. This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act. Settle judgment.