Charles M. Hughes, J.
This is an action for an alleged breach of contract. During the year 1958, as well as the early part of 1959, the plaintiffs discussed with the defendants Wade Lupe and Bose Lupe and a representative of Wade Lupe Construction Co., Inc., the proposition of the purchase of land and the construction of a new home at the corner of Westholm Boad and *1054 Heritage Road in the Town of Niskayuna in an area known ad Hexam Gardens. The discussions and negotiations were ultimately finalized in the form of a written contract that was executed on September 20, 1959. It appears that the contract and the specifications were personally prepared and typed by the Lupes.
The type of house that the plaintiffs had in mind was indicated by Exhibit No. 1, which was referred to as “ 28 Handsome split for a side-sloping suburban plot ’ \ The record indicates that the house was to be constructed upon such a type lot. By the terms of the written agreement, which is plaintiff’s Exhibit No. 4, the time for completion was provided for, as follows: ‘ ‘ Transfer of title to said premises to be held, subject to completion of construction and full payments received, on or about March 1, 1960 ”.
There was no provision in the agreement that time was of the essence as to completion on or about March 1, 1960. At the time of the signing of the contract, the Lupes informed the Tuppers that Winter construction would provide work for their men.
The defendant Wade Lupe testified that it was about two months after the signing of the contract that he got started and the proof further indicates that despite the fact that the house was being constructed in a new area or development, everything could be completed, including the installation of the water by the given date.
The work was undertaken, and on September 22, 1960, the Building Inspector of the Town of Niskayuna, wherein the house was being erected, issued a stop order inasmuch as no building permits had been issued. March 1,1960, the so-called target date arrived. The dwelling house was incomplete, as testified to by Mi'. Lupe. By June 1, Mr. Lupe felt he would require three months to complete the construction, and, accordingly, this date was orally agreed upon. September 1, 1960 arrived and the structure was still incomplete. In October of that year there were a number of items that were incomplete and allegedly improperly constructed and installed. Among the items complained of was the fact that there was no direct water service leading to the premises. The Lupes had promised the Tuppers to take care of this by furnishing a water line running from the home of their son-in-law George Owens, 500 feet away from the premises in question. This, the Tuppers objected to, as they wanted their own direct connection with the main. Kenneth J. Male, who represented the Niskayuna Water Committee, testified that the water connection, such as was suggested by the Lupes, would not be permitted by the town authorities. It appears that *1055 the town had required security somewhere in the neighborhood Of $7,000 before permanent water lines would be installed, and that the delay in installing the water was occasioned by failure to make the necessary deposit.
On October 14, 1960, Howard Tapper met with Mr. and Mrs. Lupe and at that time informed them, in substance, that he could stand the delays no longer and demanded the refund of the $5,000 which had been paid to date. The payment of $5,000 was made by the Tappers in two checks, one dated October 5, 1959 in the sum of $1,000, as evidenced by plaintiff’s Exhibit No. 6, and the further sum of $4,000, on May 23, 1960, as evidenced by plaintiff’s Exhibit No. 7.
Thereafter, this action was brought by the Tappers against the Lupes and the Construction Company to recover the $5,000 paid, as well as other consequential damages which were not proven upon the trial.
As part of the agreement that was provided, it was agreed that if the Tappers were not able to sell their home in which they were living, then the defendant Wade Lupe Construction Co., Inc., would purchase said home for the sum of $20,000, to be applied to the net cost of the new dwelling. However, this was not an issue on the trial.
The defendants Wade Lupe and Rose Lupe, in their answer, generally denied the allegations in the complaint and further alleged that they were not the parties to the action. The corporate defendant not only generally denied but interposed a counterclaim for additional items which will be treated later on in this decision.
The briefs of the respective counsel have been read, as well as a full examination of the record. Although the agreement was silent as to time being of the essence, however, the rule in that regard is stated in Corpus Juris SSecundum (vol. 17-A, pp. 789-791): '
“ At common law, the general rule laid down by many, particularly early, authorities is to the effect that a time stipulated in a contract for its performance is of its essence, unless an intent to the contrary appears from the face of the contract, that is to say, if a person promises another to do a certain thing by a certain day in consideration that the latter will do something for him, the thing must be done by the date named or the latter is discharged from his promise.
“ In equity as a general rule time is not regarded as of the essence of the contract unless the contract so states or it affirmatively appears that the parties regarded time as an essential element of their bargain, or unless such intent must necessarily *1056 be implied from the nature of the contract and the surrounding circumstances. A new agreement extending the time of performance of a contract is evidence that the parties considered time material.
“ The tendency of the later authorities at law as well as in equity is to regard the question as one of construction, to be determined by the intent of the parties, and to hold that time is not ordinarily of the essence of the contract unless made so by express stipulation, or unless there is something in the nature, or connected with the purpose, of the contract and the circumstances surrounding it which makes it apparent that the parties intended that the contract must be performed at or within the time named. So, in determining whether time is of the essence of an agreement, the general rules of interpretation are applied, and the entire agreement is considered together with the circumstances and purposes of the parties and the subject matter.”
It is to be noted in the quotation from Corpus Juris Secundum (supra) “ A new agreement extending the time of performance of a contract is evidence that the parties considered time material.”
It is also to be noted in the instant case that when the date of completion was arrived at, namely, March 1, 1960, according to Mr. Lupe’s own testimony, the dwelling house was incomplete and he stated that he would require three months to complete the construction, which was orally agreed upon.
On October 14, 1960, due to the unfinished work and the lack of water, Howard Tupper rescinded the contract and demanded the return of his money. In the absence of a provision that time is of the essence, then the rule of reasonable time applies. See Sillur Realty Corp. v. Lirco Corp. (205 Misc. 720, 723): “ What constitutes a reasonable time must be determined by the facts and circumstances of each particular case. Here the original contracts, signed on November 12,1952, provided that the cancellation or modification was to be obtained by December 3, 1952, a period of exactly three weeks. Extensions were thereafter meticulously requested and obtained for one week at a time until December 24,1952, a total of another three weeks. The contract also limited plaintiff’s time to obtain a modification itself in lieu of canceling the contract to the three weeks following notification from the sellers that they could not obtain the modification. By these standards performance on January 27,1953, or January 29, 1953, more than a month after the last extended date, cannot be deemed a reasonable time.” It is to be noted in the Sillur case (supra) that the expiration of a month was not deemed a reasonable time.
*1057 As to one of the leading authorities, see Wyckoff v. Taylor (13 App. Div. 240, 244) where the Appellate Division stated the following: ‘ ‘ the plaintiff, [contractor] with great philosophy, treats it [the delay] as one of the necessary evils which an owner is compelled to put up with when he enters into a building contract.
11 It is impossible, however, for the law to overlook this breach with the same easy good nature. If the provision of the contract as to time is to be overlooked, it must be because the case falls within that narrow class where courts have always held time not to be of the essence of the contract. On this head Parsons says:1 The court will always inquire into the time when a thing is to be done, as they will into any other part of the contract; * * * if it seems that the whole value, or a material part of the value, of the transaction * * * depends upon its being done at a certain time, and no other, or that the substitution of any other will subject him (one of the contracting parties) in any way to loss or material inconvenience, then time is certainly of the essence of the contract so far as he is concerned, and the court will so regard it. ’ ”
As to performance within a reasonable time, see City of New York v. New York Cent. R.R. Co. (275 N. Y. 287). As to the counterclaim interposed by the corporate defendant, the court heretofore stated that it would be treated later on in this decision. In that regard, the failure of the defendants to fully complete the whole contract precludes it from money recovery on its counterclaim. (See Warren v. Hoch, 94 N. Y. S. 2d 738.)
The plaintiffs have established, by a fair preponderance of the credible evidence, the cause of action as to the moneys paid in on the contract and are entitled to a judgment in the sum of $5,000 together with interest from the date of rescission of the contract, namely, October 14, 1960.