CHARLES B. GUMB, Respondent, *v.* THE TWENTY-THIRD STREET
RAILWAY COMPANY, Appellant.

In an action to recover damages for personal injuries to plaintiff, and also
for injuries to his wagon, the complaint alleged that he was "put to
expense in repairing the same and endeavoring to be healed of his own
hurts, and prevented from going on with his business." There was no
allegation that he expended money in hiring others to work in his place.
Plaintiff was permitted to testify, under objection, that the evidence was
not within the issue; that while suffering from his injury he employed
two men to work in his place and paid them $135. *Held,* error.

Where a plaintiff alleges in his complaint that his person has been injured
by the negligence of defendant, and proves the negligence and injury, the
law implies damages, and he may recover such as necessarily and imme-
diately flow from the injury, under a general allegation that damages
were sustained; but if he seeks to recover damages for consequences
which do not necessarily and immediately flow from the injury, he must
allege the special damages he seeks to recover.

Plaintiff was permitted to testify, under objection and exception, as to the
amount paid for repairs to his property, without showing that the repairs
were proper or worth the sum paid. *Held,* error.

Plaintiff was permitted to show how much his physician charged without
giving evidence of payment, or any evidence of the value of the services.
*Held,* error.

*Gumb* v. *T. T. S. R. Co.* (21 J. & S. 466) reversed.

(Argued April 19, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Superior
Court of the city of New York, entered upon an order made
July 2, 1886, which affirmed a judgment in favor of plaintiff,
entered upon a verdict, and affirmed an order denying a
motion for a new trial.

The nature of the action and the facts are sufficiently stated
in the opinion.

*Leslie W. Russell* and *Welton Percy* for appellant. The
court erred in refusing to charge that it was the plaintiff's duty
to take care not to impede or interfere with the car, and, inas-
much as the defendant's cars are for public use, their right to
run upon the street at the particular time and place they are

about to pass is paramount to that of ordinary vehicles. (*Hegan* v. *E. R. R. Co.*, 15 N. Y. 380, 382 ; *Craig* v. *Roch. R. R. Co.*, 39 id. 404, 410 ; *Whittaker* v. *Eighth Ave. R. R. Co.*, 51 id. 295, 299 ; *Adolph* v. *C. P. R. R. Co.*, 76 id. 530, 535, 536 ; *Barker* v. *H. R. R. R. Co.*, 4 Daly, 274, 276 ; *Fleckenstein* v. *D. D. R. R. Co.*, 105 N. Y. 655 ; *Donnelly* v. *B. C. R. R. Co.*, 109 id. 16, 21.) Where loss of time is claimed as an item of damages for personal injury occasioned by negligence, if plaintiff fails to prove the value of the time lost, or facts on which an estimate of such value can be founded, damages for the item cannot be given. (*Leeds* v. *M. G. L. Co.*, 90 N. Y. 26.)

*Charles M. Hough* for respondent. If plaintiff's answers to the questions as to the men he hired to work in his place were proper, though the questions were not, the defendant was not harmed. ( *Wright* v. *Cabot*, 89 N. Y. 570 ; *Mayor, etc.*, v. *S. A. R. R. Co.*, 102 id. 572.) The bill which the doctor had presented for payment to the plaintiff was presumptive proof of the amount he would be obliged to pay. (*Gries* v. *Zeck*, 24 Ohio St. 329.) The testimony that the defendant required its driver to act both as conductor and driver, to the admission of which no exception was taken, and that the defendant had that day kept him at work for seventeen hours out of the twenty-four, was properly admitted. (*Lewis* v. *N. Y. S. C. Co.*, 143 Mass. 267, 273.) An instruction having been given, or testimony admitted without exception, to the mere repetition of the instruction or of the testimony, no exception will lie. (*Raymond* v. *Richmond*, 88 N. Y. 671 ; *White* v. *Old Dom. S. S. Co.*, 102 id. 660.) If any one of the propositions in a request to charge is erroneous, it is proper to refuse it altogether. (*Palmer* v. *Holland*, 51 N. Y. 416 ; *Hamilton* v. *Eno*, 81 id. 116, 127 ; *Doughty* v. *Hope*, 3 Denio, 594.) If the charge of the judge that other people were bound to keep the track clear as far as they could was correct, the court was right in refusing, as he did, to charge further on the point, except as already charged. (*Raymond* v. *Rich-*

*mond,* 88 N. Y. 671; *Fleckenstein* v. *D. D. R. R. Co.,* 8 N. Y. State Rep. 32; 105 N. Y. 655; *Adolph* v. *C. P., etc., R. R. Co.,* 1 J. & S. 186; 11 id. 199; 65 N. Y. 554; 76 id. 530.) The defendant's request to charge concerning the defendant's paramount right to the use of the street was inapplicable to the facts as proven in the case at bar, and was properly refused. (*O., etc., R. R. Co.* v. *Ward,* 47 N. J. Law, 560; *Lee* v. *T., etc., G. L. Co.,* 98 N. Y. 115; *Doughty* v. *Hope,* 3 Denio, 594; *People* v. *McCallum,* 103 N. Y. 587, 597; *Caldwell* v. *N. J. Steamboat Co.,* 47 id. 282.)

Follett, Ch. J.   At the intersection of Sixth avenue and Twenty-third street the tracks of the defendant and of the Sixth Avenue Railroad cross each other nearly at right angles. On February 12, 1883, a Sixth avenue car was moving north on the east track of that line, closely followed (from Carmine street to Twenty-third street) by a butcher's wagon, with its wheels on the rails, drawn by one horse, driven by the plaintiff, who owned horse and wagon.   This car stopped to receive and discharge passengers at the north crosswalk of Twenty-third street.   The plaintiff stopped his horse immediately behind the car.   As this occurred one of defendant's cars approached from the west on the north track of its line, collided with the hind wheels of plaintiff's wagon, overturned,. broke it, and, as it is asserted, injured the plaintiff's left leg. The plaintiff testified that the head of his horse was close to the rear end of the Sixth avenue car, with the hind wheels of his wagon standing midway between the rails of the north track of defendant's line, and that defendant's car was driven against the hind end of his wagon.   Foley, plaintiff's witness, testified that the rims of the hind wheels stood over the north rail of the north track.   Edwards, defendant's driver, testified that the hind wheels stood far enough north of the north rail to have permitted the car to pass without touching; but that as the car was passing the plaintiff's wagon was backed in the way of the car.   This and the rate of speed of the defendant's car were the principal facts in dispute.   The plaintiff testified

that he saw the defendant's car approaching rapidly; but he did not explain why he made no attempt to turn to the right or left of the Sixth avenue car, and leave the track. There is no evidence that anything prevented him from doing this.

The plaintiff was permitted to testify, over defendant's objection, that the evidence was not within the issue; that while suffering from his injury he employed two men to work in his place, paying them $12 and $15 per week each, $135 in the aggregate. When a plaintiff alleges that his person has been injured and proves the allegation, the law implies damages, and he may recover such as necessarily and immediately flow from the injury (which are called general damages) under a general allegation that damages were sustained; but if he seeks to recover damages for consequences which do not necessarily and immediately flow from the injury (which are called special damages), he must allege the special damages which he seeks to recover. It is not alleged in the complaint that the plaintiff expended money in hiring others to work in his place; the defendant had no opportunity of contradicting the evidence, and its reception was error. (*Gilligan* v. *N. Y. & Harlem R. R. Co.*, 1 E. D. Smith, 453; *Stevens* v. *Rodger*, 25 Hun, 54; *Whitney* v. *Hitchcock*, 4 Denio, 461; 2 Thompson on Negligence, 1250, §§ 32, 33; 2 Sedg. on Dam. [7th ed.] 606; 1 Chitty's Pl. [16th Am. ed.] 411, 515; Mayne on Damages, chap. 17; Heard's Civil Pl. 310–314.)

The plaintiff was permitted to testify that he had paid seventy dollars for the reparation of his wagon. The defendant objected to this evidence upon the ground that it did not establish the extent of the injury or the value of the repairs. The objection was overruled and the defendant excepted. In the absence of evidence that the repairs were proper, or worth the sum paid, it was error to hold that the sum paid could be recovered. This error was repeated. The plaintiff, under a like objection, was permitted to show how much this physician charged him, without giving evidence of payment or any evidence of the value of the services, except the incidental remark

of the physician, who testified, "Seventy-five dollars is the amount of my bill now; that is very small, too."

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except Bradley. J., dissenting.

Judgment reversed.