DANIEL M. REDMOND, Appellant, *v.* THE AMERICAN MANU-FACTURING COMPANY, Respondent.

Plaintiff, the maker of a patented machine or article, desiring to intro-duce it into general use, delivered a number with a view to a sale to defendant under an agreement that the latter should use the same for a specified period, for the purpose of testing their utility; it to have the option to return the same at the end of the period, or to purchase, pay-ing the agreed price. At the end of the period defendant declined to purchase and neglected to return. In an action to recover possession, plaintiff for the purpose of proving damages, offered to prove the value of the use of the machines from the time of demand. *Held,* that the offered evidence was properly excluded; that the proper meas-ure of plaintiff's damages was interest on the price or value from the time of the wrongful detention to the time of trial.

*Allen* v. *Fox* (51 N. Y. 562), distinguished.

Reported below, 24 J. & S. 372.

(Argued May 2, 1890; decided June 3, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made January 7, 1889, which affirmed a judgment in favor of plain-tiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought to recover possession of certain machines with damages for the detention.

The facts, so far as material, are stated in the opinion.

*W. R. Spooner* for appellant. In the case of detention of a chattel, having only a market or cash value, and not sus-ceptible of use to give it a special or usable value, interest upon the market or cash value of the article for the period of

detention is the correct measure of damages for detention.
(*Allen* v. *Fox*, 51 N. Y. 562; *Slocum* v. *Delano*, 17 Wkly.
Dig. 207.) The complaint was not defective. The allegation
apprised defendant of the claim, to wit, $15,000, and of the
nature or ground thereof, to wit, damages for detention. If
the particulars were required, defendant could have obtained
the same by proper motion therefor. Not having moved for
particulars of the damages, defendant must be regarded as
fully understanding the claim for damages. ( *W. R. Co.* v.
*Bayne*, 75 N. Y. 1; *Vanderslice* v. *Newton*, 1 id. 132; *Jutte*
v. *Hughes*, 67 id. 267; *Argotsinger* v. *Vines*, 82 id. 308.)

*Charles Edward Souther* for respondent. This action is
not appealable. (Code Civ. Pro. § 191, subd. 3; *Knapp* v.
*Deyo*, 108 N. Y. 519; Code Civ. Pro. §§ 1722, 1726; 67 N.
Y. 448; 72 id. 123, 124.)

O'BRIEN, J. The plaintiff was the inventor of a machine,
upon which he procured a patent, for the purpose of inserting
and fastening rivets in the joints of umbrella ribs and stretchers
where they are fastened together. The defendant, a corpora-
tion organized for manufacturing purposes, was engaged in
making and selling the ribs and other parts of umbrellas.
The plaintiff and defendant entered into an agreement to the
effect that the plaintiff should manufacture and set up in the
defendant's factory fourteen of these machines, and should
for a certain period, personally or by skilled agents, superin-
tend the operation of the same and instruct defendant's
employes in the operation thereof. The defendant during this
period was to furnish sufficient work for the operation of the
machines to their full capacity, and to pay the plaintiff's
agents for their services in superintending the operation of
the machines and instructing its employes in their use out of
the saving that might be effected by the machines in the cost
of doing the work which previously had been done by hand
at a certain specified price per dozen sets. At the expiration
of this period the defendant was to have the option of return-
ing the machines to the plaintiff or of purchasing the same

and paying therefor a certain agreed price, which should be equal to the sum found to be the saving on 300,000 dozen sets by said machines working to their full capacity, compared with the cost of doing the same work by hand at the prices paid therefor and specified in the agreement. The plaintiff manufactured and put the machines in the defendant's factory and furnished persons to superintend the operation thereof, but he claims that the defendant failed to furnish sufficient work during the period of trial to enable said machines to be operated to their full capacity, and that, notwithstanding this failure, the machines did actually effect a saving of fully one-half in the previous cost of the work. At the conclusion of the trial period the defendant did not elect to purchase the machines. The title to the same never passed from the plaintiff, and on October 27, 1884, he demanded of the defendant the return to him of the property. This demand gave rise to negotiations between the parties, which, however, ended without any result, whereupon the plaintiff brought this action to recover the possession of the fourteen machines, or their value in case a delivery to him could not be made, and the sum of $15,000 as damages for the detention thereof after demand.

On the trial of the action in the Superior Court, the plaintiff recovered, the jury assessing the value of the property at $2,100, and under the charge of the court the plaintiff was awarded $445, being the interest on the value of the machines from the time of the demand, as damages for the unlawful detention.

The plaintiff, at the trial, offered to prove the value of the use of the machines from the time of the demand as his damages for their detention, but the evidence was excluded under the defendant's objection, the plaintiff excepting. The plaintiff appealed from so much of the judgment in his favor as limited the damages for detention to the interest on the value of the property, and the General Term has affirmed the ruling at the trial on this question of damages.

The property in question was evidently manufactured and delivered to the defendant for the purpose of sale. The pre-

cise sum to be paid was not specified in dollars and cents, but depended upon what the machines could accomplish in the way of saving for the defendant within a designated period of time under certain conditions, and in this way the price of the article was capable of being ascertained by a process of calculation provided for in the agreement under which it was delivered by the plaintiff. The record does not show that the machines had any marketable value, and it is to be inferred from the proofs at the trial that they had been recently invented and had not been yet brought into such general use as to furnish any reliable or certain standard of value for their use by the defendant. The agreement under which they came into the defendant's possession shows that their general utility and capacity had not been fully established, and that they were considered by both parties as somewhat of an experiment. The property being without a market value the parties at the trial were obliged to submit the case to the jury upon evidence given by both sides as to their intrinsic value or the cost of production. There is no complaint on the part of the plaintiff that the property was less valuable at the trial on account of the manner in which it was used, or for any other reason than when it was delivered to the defendant. The wrong that the plaintiff has suffered consisted entirely in the neglect of the defendant to return the property to the plaintiff when he demanded it. The property was rightfully in defendant's possession until the parties, at the end of the trial period, failed to agree upon a price for it upon the basis of the agreement. The plaintiff was entitled to have the value of the property, at the time of the trial, found and awarded to him in case the property itself could not be returned (*N. Y. G. & I. Co.* v. *Flynn*, 55 N. Y. 563), and the jury assessed the value as of that time. If the interest on this value during the time that the defendant retained the property after demand is, under the circumstances of this case, the legal compensation for the defendant's wrong in not returning the property on demand, the plaintiff has no reason for complaint. It is urged upon this appeal on the authority of *Allen* v. *Fox* (51 N. Y. 562)

that he was entitled to recover as damages for the unlawful detention of the property such sum as he could prove to be the value of the use of the property during the period that it was wrongfully detained. That was an action to recover the possession of a horse, and what is there called the usable value of the horse, was held to be a proper measure of damages for its detention. The learned judge, who gave the opinion in the case, admits that the interest on the value of the property, at the time of the trial, is generally the proper measure of damages for its wrongful detention when it consists of merchandise kept for sale, and all other articles of property, valuable only for sale or consumption. In actions to recover the possession of specific personal property, many cases, no doubt, may and do arise where the interest would not furnish to the owner of the property a just or sufficient indemnity for his loss; but such cases are special and exceptional, and it is scarcely possible to group them under any general rule or principle. There is a manifest difference between the case of the wrongful detention of a horse or other property which is in constant and daily use, and the usable value of which is well known and readily ascertained, and property of the character of that which was the subject of controversy in this case. Here the property was manufactured and delivered to the defendant for the purpose of sale, like any other article of merchandise. It is not claimed, and it is not at all likely that the plaintiff could have put the machines to any other use while the defendant detained them after the demand. When machinery, in operation, is taken from the owner of a factory, who requires it for immediate, constant and daily use, and detained by the wrong-doer, such an act would probably inflict upon the owner damages which could not be compensated by the interest on its value for the period of the wrongful detention. But, when, as in this case, the maker of a patented machine or article, desiring to introduce it into general use, delivers it with a view to a sale and afterward becomes entitled to have the same returned to him by reason of the failure of the party to whom it is delivered on trial to accept it, or comply with

the terms and conditions upon which it was delivered, the interest on its price or value from the time of the wrongful detention to the trial furnishes a just indemnity for the wrong and the proper rule of damages in such cases.

We think that the record in this case does not disclose any of those special features calling for a larger measure of damages than that generally applicable to cases for the conversion of personal property, namely, the interest on its fair value from the time of the conversion. (*Brizsee* v. *Maybee*, 21 Wend. 144; *Rowley* v. *Gibbs*, 14 Johns. 385.)

The judgment is right, and should be affirmed.

All concur.

Judgment affirmed.