## LYNCH v. THIRD-AVE. R. Co.

*(Superior Court of New York City, General Term.* February 2, 1891.)

SPECIAL DAMAGES—PLEADING—EVIDENCE.

Upon the trial of an action for injuries alleged to have been received through negligence of defendant, a witness was asked: "Is the injury which she [plaintiff] has received to her back and spine, in your opinion, a permanent injury?" *Held*, that an objection, on the ground that no permanent injury to the person was pleaded as special damage in the complaint, was properly overruled. INGRAHAM, J., dissenting.

Appeal from jury term.

Action by Mary Lynch against the Third-Avenue Railroad Company to recover damages for injuries alleged to have been sustained through the negligence of the defendant's servants. Defendant appeals from a judgment for plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial. The complaint alleged "that on the 18th day of May, 1889, the plaintiff, at the corner of Fifty-Ninth street and Third avenue, on the line of the defendant's said road, signaled the driver of one of the cars of the defendant to stop, plaintiff intending to get aboard the said car at the said place for the purpose of going to her home at the corner of 103d street and Third avenue, in said city, as a passenger. That the said driver brought the car to a standstill, and as the plaintiff was about to get aboard the said car, having taken hold of the railings on each side of the platform, and having one foot upon the said platform at the rear end of said car, the conductor thereof, an employe of said defendant, gave the signal, and the car started, and at the same time the plaintiff called to the said conductor, he at the same instant seized the plaintiff by both wrists, telling her to 'come on,' and the car having been started by the negligence and carelessness and inattention of the defendant, its agents, servants, and employes, the plaintiff was dragged behind the said car for a long distance, being at all times herself free from any negligence or carelessness whatsoever; and that by reason of the carelessness of the said defendant, its agents, servants, and employes, this plaintiff sustained serious damage both to her person and to her property, and was obliged to and actually did incur liability for surgical and other treatment and attendance in seeking to restore herself of her injury, to her damage five thousand dollars."

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.
*William N. Cohen*, for appellant.    *Henry W. Bates*, for respondent.

FREEDMAN, J.    The action was brought to recover damages for personal injuries sustained by the plaintiff in attempting to get on board of one of the cars of the defendant.    Upon the testimony of the plaintiff the case was one for the jury, and the trial judge properly refused to dismiss the complaint or to direct a verdict.    There is no exception to the charge, or to any refusal to charge otherwise.    None of the exceptions taken to the admission or exclusion of evidence is, under all the circumstances, of sufficient importance to call for reversal, and upon the whole case no valid reason appears for disturbing the verdict.    The judgment and order should be affirmed, with costs.

SEDGWICK, C. J., concurs.

INGRAHAM, J., (*dissenting.*)    I think the objection to the question asked Dr. Jennings, the medical expert called for the plaintiff, as to the permanent character of the injury, should have been sustained.    The only allegation in the complaint as to the character of the injury is that plaintiff "sustained serious damage to her person and property."    There is no allegation that the injury caused pain and suffering, or that the injury was permanent, or that she was at the time of the commencement of the action suffering from the effects of the injury.    No fact is alleged from which the inference can be drawn that there was any permanent impairment of her physical condition.    The objection to the question was that it was not pleaded in the complaint.    That objection was overruled, and defendant excepted.    It cannot be said that permanent or progressive paralysis is the necessary or usual result of such an injury as is described in the complaint, and the complaint does not allege that such a result followed from the injury, or such a disease was caused by the act complained of.    It is the damage sustained before the commencement of the action which the plaintiff alleges amounted to $5,000, and such damage is alleged to have been caused by the injury to her person and property, and because she "was obliged to and did incur liability for surgical and other treatment and attendance in seeking to restore herself of her injury."    There is not the slightest indication given to the defendant, by these allegations of the complaint, that the injury caused by the act complained of was of such a nature as to interfere with the future use by the plaintiff of her physical faculties, and it left the defendant unprepared to meet the proof offered to sustain such an issue.    "General damage" is defined as that which necessarily and by implication of law results from the act or default complained of; "special damages," such as arise directly, but not necessarily or by implication of law, from the act or default complained of.    Bouv. Law Dict. p. 467.    In Chitty on Pleading (volume 1, p. 428) "general damages" are defined as such as the law implies or presumes to have accrued from the wrong complained of; "special damages" are such as really took place, and are not implied by law.    In 2 Greenl. Ev. § 254, it is said: "Those which necessarily result are termed 'general damages,' being shown under the *ad damnum* or general allegation of damages at the end of the declaration, for the defendant must be presumed to be aware of the necessary consequences of his conduct, and therefore cannot be taken by surprise in the proof of them.  *  *  * But where the damages, though the natural consequences of the act complained of, are not the necessary result of it, they are, however, special damages which the law does not imply, and therefore, in order to prevent a surprise upon the defendant, they must be particularly specified in the declaration, or the plaintiff will not be permitted to give evidence of them at the trial."    The distinction between special and general damages in cases of this character is stated in *Gumb* v. *Railroad Co.*, 114 N. Y. 414, 21 N. E. Rep.

993: "Where a plaintiff alleges that his person has been injured, and proves the allegation, the law implies damage, and he may recover such as reasonably flow from the injury (which are called ' general damages ') under a general allegation that damages were sustained; but if he seeks to recover damages from consequences which do not necessarily and immediately flow from the injury (which are called ' special damages ') he must allege the special damages which he seeks to recover." Judge SMITH in *Stevens* v. *Rodger*, 25 Hun, p. 54, says: "The general rule is that special damage—that is, such as, although the natural, are not the necessary, result of the act complained of, and consequently are not implied by the law—must be particularly stated in the complaint, in order to prevent a surprise upon the defendant, or the plaintiff will not be permitted to give evidence of them at the trial." See, also, *Armstrong* v. *Percy*, 5 Wend. 538. It appears from these authorities that the damages that may be proved under the general allegation of damages are such as are implied by law, and that the law implies only such as necessarily result from the act complained of. It is not enough that the damage sought to be proved may directly result from the injury, but the damage must be the necessary result, so that such result can be implied by law. I do not think that the necessary result of a person being dragged behind a street-car, which causes serious damage to his person and property, is a permanent injury to the person, or that from such an act the law could imply such permanent injury. It would, of course, be different if the complaint alleged that the act caused the loss of a limb, or another injury of that character, for in that case it would necessarily follow that the loss of the limb would be permanent. I think, therefore, that the judgment must be reversed, and a new trial ordered, with costs to abide the event.