(20 Misc. Rep. 601.)

### LYNCH v. KLUBER et al.

(Supreme Court, Appellate Term. July 1, 1897.)

**1. WAREHOUSEMEN—DEGREE OF CARE.**
    Warehousemen are bound to the same degree of care which prudent persons usually take of their own property, and proof that property was delivered to a warehouseman in good condition, and was damaged when returned by him, makes out a prima facie case of negligence against him.

**2. DAMAGES—EVIDENCE.**
    An objection to proof of the amount paid for repairs, as evidence of the amount of damage done to property, is obviated by the evidence of the person who made the repairs, subsequently given, showing that the charges were reasonable, and amounted to the sums paid.

Appeal from Eighth district court.

Action by Annie P. Lynch against John C. Kluber and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

William J. Kane, for appellants.

Maurice Meyer, for respondent.

McADAM, J.  The plaintiff, on April 20, 1896, left with the defendants, storage warehousemen, a quantity of personal property for safe-keeping, and, after being in their warehouse for a number of months, certain of said articles, specified in the bill of particulars, were, upon redelivery to her, found to be damaged, and the articles designated therein as "missing property" were not returned to her. The action was to recover damages for the wrong.  The defendants pleaded a general denial, and set up a lien for unpaid storage.  The issues were sharply contested at the trial, and the justice decided that the damages sustained amounted to $197, upon which he credited the defendants $36 for the storage, and awarded a judgment for the difference, $161, with costs.

Warehousemen are bound to the same degree of care which prudent persons usually take of their own property (Edw. Bailm. § 333; Knapp v. Curtis, 9 Wend. 60), and are liable only for ordinary neglect (Titsworth v. Winnegar, 51 Barb. 148; Powers v. Mitchell, 3 Hill, 545). The defendants claim that there was no affirmative proof of negligence on their part, and that without this the plaintiff established no cause of action as to the damaged articles.  The plaintiff proved that her property was in good condition when it reached the defendants' possession, and that when returned to her it was damaged in a manner and to an extent that would have been impossible if properly cared for. This made out a prima facie case for the plaintiff, and cast upon the defendants the duty of showing that the injury did not happen in consequence of their neglect to use all the care and diligence which a prudent person would exercise in relation to his own property; for the rule is that, where property intrusted to a warehouseman has been returned injured, it is incumbent on him to show how the injury occurred, as it is a more legitimate inference in such case to conclude that there was a want of proper care and diligence than to presume it was exercised.  Arent v. Squire, 1 Daly, 347; Reed v. Crowe, 13 Daly, 165; Coleman v. Livingston, 36 N. Y. Super. Ct. 32, affirmed 56 N. Y. 658; Ouderkirk v. Bank, 119 N. Y. 263, 23 N. E. 875.

The evidence offered by the defendants failed to exculpate them from the negligence charged, and the justice accordingly held them liable for the damage resulting from their neglect.  The property not returned was proved to have been worth $87, and this amount was also charged to the defendants.  The defendants were directed by the plaintiff to deliver certain of her goods to one Darling, an auctioneer, and, instead of doing so, they delivered them to another auctioneer, named Garland, from whom Darling afterwards succeeded in recovering some, but not all, of the articles.  Those not recovered were worth $14, and this sum, with the items before referred to, and $1 for injury to the piano, made up the judgment awarded.  There was a conflict as to the defendants' bill for storage, the plaintiff claiming a special agreement at the rate of $12 a month, and the defendants alleging one at $18 a month.  The justice found in favor of the plaintiff's contention; so that, after crediting the payment on account, the defendants' lien was reduced to $36, the sum allowed by the justice.

Indeed, all the questions litigated were questions purely of fact, arising from conflicting evidence, and the findings of the trial judge

thereon, being sufficiently sustained, are regarded as conclusive, though we might, if in his place, have reached another conclusion. Carey v. Smith, 5 App. Div. 505, 38 N. Y. Supp. 1079; Lynch v. Railroad Co., 6 App. Div. 609, 39 N. Y. Supp. 1127. "When there is evidence on both sides, and the case is balanced, and the mind of the court has been called upon to weigh conflicting statements and inferences, and decide upon the credibility of opposing witnesses, much weight must be accorded to the special adaptation of the trial court to investigate and determine such questions. Any other rule would nullify the peculiar advantages which that tribunal possesses, in observing the manner and appearance of the witnesses produced, and the various physical and mental peculiarities by which the mind of the professional observer determines the degree of credit which ought prudently to be attached to oral testimony. These rules have been the subject of frequent comment in the courts, and are fully sustained by authority." Baird v. Mayor, etc., 96 N. Y., at page 577.

The defendants excepted to the admission of evidence as to the cost of repairs to certain of the articles. Standing alone, this might have been objectionable, but it was followed up by the evidence of the person who made the repairs, showing that the charges therefor were reasonable, and amounted to the sums testified to by the previous witness. This was legal proof of the damage, and obviated any force the objection might otherwise have had. Lafayette v. Gaffney, 47 Hun, 583; Gumb v. Railway Co., 114 N. Y. 411, 21 N. E. 993.

Judgment must be affirmed, with costs. All concur.