out of money sent her by him for the purchase of such books.‘ They certainly constitute no part of her baggage, and she had no right to recover in this action their value.

Judgment must be reversed and a new trial ordered, with costs to appellant to abide event.

---

### HASZLACHER v. THIRD AVE. R. CO.

(City Court of New York, General Term. March 6, 1899.)

PERSONAL INJURIES—SPECIAL DAMAGES.

    In an action for personal injuries, plaintiff cannot recover expense of hiring a substitute to fill his place while he was incapacitated on account of the injuries, where special damages of that character were not alleged.

Appeal from trial term.

Action by Louis F. Haszlacher against the Third Avenue Railroad Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before FITZSIMONS, C. J., and CONLAN and SCHUCHMAN, JJ.

Hoadly, Lauterbach & Johnson, for appellant.
Wahle & Stone, for respondent.

SCHUCHMAN, J. The complaint alleges, as a cause of action against the defendant, that on August 12, 1896, while the plaintiff was lawfully a passenger on a car belonging to the defendant, in charge of or controlled by its agents, servants, or employés, owing to the negligent manner in which said car was propelled or driven the plaintiff was injured in the following manner:

"Plaintiff was caused to sustain severe injuries. His nervous system was shocked. He was made sick, sore, and disabled. He received severe contusions and lacerations on his head and the right arm and shoulder, and on the left leg. And as a result thereof he was sent to the Flower Hospital, and was incapacitated from performing service, and will be so incapacitated for a considerable time to come."

On the trial the following questions were put by plaintiff's counsel, and answers elicited:

"Q. What expenses did you have in connection with arrangement? (Objected to as incompetent, irrelevant, and immaterial. Overruled. Exception.) A. I put a substitute in my place during the whole season. (Moved to be stricken out as incompetent. Denied. Exception.) Q. How long? A. Up to the end of October. Q. August, September, and October? A. Yes. Q. How much · was paid out to him? (Objected to as incompetent, irrelevant, and immaterial. Objection overruled. Exception.) A. Eight dollars a week and board."

Thus, the plaintiff, over defendant's objection, was allowed to testify that, while he was incapacitated on account of the injuries, he hired and put a substitute in his place during three months, and paid him $8 a week and board. Eight dollars for about 14 weeks amounts to $112. The jury rendered a verdict in favor of plaintiff for $200, so that the $112 item forms the most component part of the

verdict. The proof of this hiring of a substitute for three months at $8 a week is proof of a special damage. It is a special damage, because it seeks to recover damages for consequences which do not necessarily and immediately flow from the injury. Plaintiff must allege the special damage which he seeks to recover. It is not alleged in the complaint that the plaintiff expended money in hiring a substitute to work in his place. The defendant had no opportunity of contradicting the evidence, and its reception was error. Gumb v. Railway Co., 114 N. Y. 411, 21 N. E. 1046. Furthermore, there is no evidence that the work rendered by the substitute was proper, or worth the sum paid. 114 N. Y., and 21 N. E., supra.

Judgment appealed from reversed, with costs to the appellant to abide the event. All concur.