## VOLKMAR v. THIRD AVE. R. CO.

(Supreme Court, Appellate Term.   June 28, 1899.)

1. DAMAGES—INJURY TO VEHICLE—COST OF REPAIRS.
   Evidence of the cost of repairing a vehicle injured by the alleged negligence of defendant is insufficient, as a basis of damages, without further evidence that such cost was the reasonable worth of the necessary repair.

2. SAME—USABLE VALUE OF VEHICLE.
   While the usable value of a coach, for the period during which it was being repaired, is a proper element of the damages accruing from the injury to the coach, yet the evidence of such value must not be so uncertain as to require the jury to guess and speculate.

Appeal from city court of New York, general term.

Action by Henry G. Volkmar against the Third Avenue Railroad Company. From a judgment for plaintiff (57 N. Y. Supp. 1149), defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Edgar M. Johnson and Clifford Seasongood, for appellant.
Edwin R. Leavitt, for respondent.

LEVENTRITT, J.   The plaintiff's coach, while being driven by one Michael Reynolds through Thirty-Eighth street, in a westerly direction, across Third avenue, was damaged in a collision with a northbound cable car of the defendant company. Reynolds, the plaintiff's hostler, was the only witness who testified as to the circumstances of the accident, while the plaintiff relied exclusively on his own testimony as to the amount of the damage. The defendant, resting on the plaintiff's case, called no witnesses, but moved to dismiss the complaint on the ground, among others, that the damage sustained by reason of the injury to the coach was not adequately proven. A reference to the testimony shows that the exception taken to the court's refusal to grant the motion presents a good ground of reversal.

The plaintiff testified specifically as to what parts of the coach suffered in the collision, and how much he paid for each item of repair. But, beyond the mere fact of the amount paid, there is no evidence of the value of the repairs, or that the sums actually expended were either reasonable or necessary. Such proof has been held to be entirely insufficient to afford a proper basis upon which to estimate money damages. Gumb v. Railway Co., 114 N. Y. 411, 21 N. E. 993; Kennedy v. McKone, 10 App. Div. 88, 41 N. Y. Supp. 782; Wyckoff v. Taylor, 13 App. Div. 240, 43 N. Y. Supp. 31; Schimpf v. Sliter, 64 Hun, 463, 19 N. Y. Supp. 644; Lynch v. Kluber, 20 Misc. Rep. 601, 46 N. Y. Supp. 428. Cost of repair is admissible as an element tending to show value, but it loses its probative force when standing alone, and must be supplemented by testimony that such cost represented the reasonable worth of the necessary repair.

The plaintiff's attempt to show the usable value of the damaged coach for the period during which it was being restored similarly failed, in that it furnished only uncertain data, that required the jury

to guess and speculate. While it seems that, in the case of articles of constant and daily use, usable value, being well known and readily ascertained, constitutes a proper element of damage (Redmond v. Manufacturing Co., 121 N. Y. 415, 24 N. E. 924; Allen v. Fox, 51 N. Y. 562; Iron Works v. Hurlbut, 158 N. Y. 40, 52 N. E. 665), the loss sustained by the deprivation must not be left to conjecture.

As there must be a reversal we deem it unnecessary to pass upon the very close question whether or not there was contributory negligence, and we shall therefore leave it to a new trial to clarify the rather confusing testimony as to distances. The judgment will be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.