(30 Misc. Rep. 455.)

LE SALG et al. v. DOUGHERTY et al.

(Supreme Court, Appellate Term. February 8, 1900.)

**1. SUBLESSEES—DAMAGES TO PREMISES—RIGHT OF ACTION.**
    A sublessee, required by his lease to keep the building in repair, may maintain an action to recover the expense incurred in replacing a window destroyed by defendant's negligence.

**2. DAMAGES—EVIDENCE.**
    A sublessee, who was required by his lease to keep the building in repair, testified that replacing a window broken by defendant's negligence cost $15; that he made several inquiries of glass dealers, and employed the cheapest. *Held*, the evidence was sufficient to warrant the inference that the outlay constituted the fair and reasonable value of the repair, and he was entitled to recover.

Appeal from municipal court, borough of Manhattan, Sixth district.

Action by Morris Le Salg and another against Joseph Dougherty and another. From a judgment for defendants, plaintiffs appeal. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

W. F. Ennis, for appellants.
Arthur Harris, for respondents.

LEVENTRITT, J. The plaintiffs, as sublessees of part of a store, brought this action to recover damages of the defendants, who, they

claimed, broke a plate-glass window while engaged in constructing an awning in front of their premises. The defendants offered no evidence, but moved to dismiss the complaint on the grounds that the plaintiffs were not entitled to bring the action, and that there was no evidence of damage. The justice (erroneously, we think) granted the motion. Although the lease to the plaintiffs was not introduced in evidence, it was proved without objection that by its terms they were under obligation to keep the half of the premises occupied by them in repair. Having been compelled to incur expense in replacing the window destroyed by the negligence of the defendants, the plaintiffs were entitled to recover, upon proper proof of damage. On this point one of the plaintiffs testified that he had paid $15 for a new sheet of glass, and a smaller sum for lettering. While this testimony, standing alone, would furnish but insufficient proof (Volkmar v. Railroad Co., 28 Misc. Rep. 141, 58 N. Y. Supp. 1021), other evidence by the same witness to the effect that he made inquiries of several concerns, and that their prices were all higher than that of the dealer he employed, whose offer was cheaper by several dollars than any of the others, was sufficient to warrant the inference that the outlay constituted the fair and reasonable value of the repair. The judgment should be reversed, and a new trial ordered.

Judgment reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.