(31 Misc. Rep. 457.)

### PRICE v. EISEN.

(Supreme Court, Appellate Term.   May 1, 1900.)

1. DEMISED PREMISES—FAILURE TO GIVE POSSESSION—DAMAGES.

Evidence of the difference in price at which plaintiff bought goods to stock a store he had leased from plaintiff and that at which he sold them on defendant's failure to give him possession was insufficient to sustain a finding of damage for such failure, where there was no evidence that the buying price was reasonable or the selling price the best.

2. SAME.

Where plaintiff, who had leased a store from defendant, purchased an ordinary stock and fixtures therefor, which could have been obtained in a day's time after getting possession, and defendant was not shown to have known that plaintiff's purchase was to have been made in advance of taking possession, it was not in contemplation of the parties when making the lease, and hence loss thereon was not an element of damage recoverable for landlord's failure to give possession.

3. SAME—FAILURE TO GIVE POSSESSION—MEASURE OF DAMAGES.

The ordinary measure of damages for failure to give possession of demised premises is the difference between the rent reserved and the rental value.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Lizzie Price against Fischel Eisen. From a judgment in favor of plaintiff, defendant appeals. Modified.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Albert J. Wise, for appellant.
Leopold W. Harburger, for respondent.

O'GORMAN, J.   We think the judgment should not be permitted to stand for two reasons:   First, the learned trial justice erred in the rule of damages which he applied; and, secondly, even if he were correct in that respect, his findings are not supported by competent proof.

This action is brought to recover damages alleged to have been sustained by the plaintiff in consequence of defendant's refusal to deliver possession of a store leased by him to the plaintiff. The store in question was a small one, renting for $33 a month, in which the plaintiff intended to conduct the business of candy, cigars, and soda water.   Upon the trial the damages were assessed at $112.94, made up as follows:   Loss on bar, back bar, tables, etc., $70; on gas fixtures, $7; on cigars, $30.94; deposit for rent, which was not returned, $5.   Plaintiff's proof respecting the cigars was that she made a deposit of $30.94 upon a bill of goods, which she was unable to use in consequence of her inability to obtain possession of the store.   The only evidence respecting the other items is the difference between the price paid for them by the plaintiff and the price at which she sold them after the refusal of the defendant to give her possession of the store.   This evidence is clearly insufficient to sustain a finding of damage.   There was no competent proof that the prices paid were reasonable or proper, or that she exercised reason-

able vigilance to obtain fair value on their sale. While the price paid is admissible as an element in proving damage, it is not sufficient, standing alone, to sustain a verdict. It must be supported by other proof. Volkmar v. Railroad Co. (Sup.) 58 N. Y. Supp. 1021. In no aspect of the case was the item of loss on the purchase of cigars allowable.

Waiving this infirmity in the proof, however, the items in question should not be considered in determining plaintiff's damage. Friedland v. Myers, 139 N. Y. 432, 34 N. E. 1055, does not support plaintiff's contention. There the premises required peculiar fixtures and improvements, and, with the knowledge of the defendant, an architect was employed to furnish the drawings and specifications for the same, and the court held that the expense thus incurred was within the contemplation of the parties, and fixed the liability of the defendant. In this case the demised premises were the ordinary one-half store in a tenement building, rented for a single month, and the only fixtures procured were such as could easily be obtained in the open market at any time without a day's delay. As was said by the court in Friedland v. Myers, supra, in speaking of the stock of goods purchased by the plaintiff in that case:

"This purchase in advance was not necessary in order that plaintiff might have the benefit of the full term in his business. The market or place of purchase was in the same city, and the plaintiff would have sustained no special loss if he had deferred their purchase until he had acquired possession. They could have been delivered on the same day when ordered, or the following day, in the usual course of the trade, and no material delay would have resulted."

Moreover, it does not appear that the defendant knew, or had any reason to anticipate, that these purchases would be made by the plaintiff in advance of taking possession of the store. It cannot, therefore, be claimed that such purchases were within the contemplation of the parties at the time of the alleged hiring.

The plaintiff should have been confined in her recovery to the difference between the rent reserved and the rental value of the demised premises. No proof whatever was offered upon this point, and the only item, therefore, that the plaintiff could claim in this action was the recovery of the five dollars, the amount of the deposit paid to the defendant and not returned.

Judgment modified by reducing the judgment to five dollars, and as modified affirmed, without costs to either party. All concur.