MOORE v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department.   June 5, 1903.)

1. STREET RAILROADS—USE OF STREETS—INJURIES TO VEHICLES—NEGLIGENCE
OF DRIVER.
Where the space left between certain vans and an elevated railroad
pillar in a street was estimated at from seven to eight feet, and other
witnesses testified that there was not sufficient room to permit defend-
ant's servant to drive a wagon five feet wide through such space, whether
the servant was guilty of negligence in not attempting to drive through
the space, instead of driving around the pillar onto a street railway track,
where the wagon was struck by a street car, was for the jury.

2. SAME—NEGLIGENCE OF RAILROAD COMPANY—EVIDENCE.
Where, at the time plaintiff's servant drove on a street railway track, a
car was approaching from 100 to 125 feet away, at from 6 to 8 miles
an hour, and when the car was 80 feet from the wagon, the motorman
rang the gong hard, but did not attempt to stop the car, and the wagon
was demolished by the collision, the motorman's failure to stop the car
constituted negligence on the part of the railroad company.

3. SAME—DAMAGES.
Where plaintiff's wagon was wrecked in a collision with a street car
in one of the streets of the city of New York, plaintiff was entitled to
recover, in addition to the reasonable cost of repairs, expenses paid in
removing the remains of the wagon from the street and storing the same
during such time as arrangements could be made for repairs, together
with the reasonable value of the use of the wagon while it was being
repaired.

Bartlett and Jenks, JJ., dissenting in part.

Appeal from Municipal Court, Borough of Queens, First District.

Action by Benjamin Moore against the Metropolitan Street Rail-
way Company.   From a judgment in favor of plaintiff, defendant ap-
peals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
HIRSCHBERG, and HOOKER, JJ.

William E. Weaver (Arthur K. King, on the brief), for appellant.
John Hetherington, for respondent.

HOOKER, J.   This action was brought to recover damages for
injuries to the plaintiff's vehicle, caused by the alleged negligence of
the defendant.   The proof shows that on the 21st of October, 1901,
the plaintiff's servant was in the act of driving his horse and wagon
south on Eighth avenue, in the borough of Manhattan, on the west-
erly side of the street; that midway between 133d and 132d streets,
the servant encountered three moving vans drawn up to the west
curb of Eighth avenue, and, to continue his journey south, it was
necessary for him to turn towards the middle of the avenue for the
purpose of passing them.   The defendant contends that the servant
was guilty of contributory negligence in not passing between the
vans and a neighboring pillar supporting the elevated railroad
structure.   It is conceded that the wagon he was driving was about
five feet wide.   Two of the witnesses swore that the space between
the vans and pillar was seven or eight feet, and others, without esti-
mating the distance in feet, say that there was not sufficient room
to permit the servant to drive through.   The contention of the de-

fendant that the servant was guilty of contributory negligence on account of his failure to make an effort to pass through this space is not sound. A question of fact was fairly raised upon this evidence as to the contributory negligence of the servant upon this phase of the action. The defendant's track extended north and south through Eighth avenue at this point, the south-bound track being the one nearer the vans. The elevated railroad pillar stood a little over two feet west of the westerly rail of this track. The driver, on approaching the vans, turned into the south-bound track, attempting to pass them and the pillar towards the east. He says that before he turned upon the track he looked, and saw one of the defendant's cars 125 feet away, at 133d street, coming towards him, and that he had about 10 feet to go to reach the track. The witnesses state the distance of the car from the wagon as it turned upon the track variously. One says that when the wagon started to turn upon the track the car was from 100 to 125 feet away, coming down, and when it got about 80 feet from the wagon the motorman rang the bell hard. Another says that the car was at the street crossing, 100 or 125 feet from the wagon, when it was about to turn into the track; that it came on down, and that when the horse was actually stepping on the track the car was 50 feet away from the back of the wagon. There was nothing in the evidence to show any obstructions of the view of either the motorman of defendant's car or the driver between the car and the wagon. As the wagon got fairly straightened out into the south-bound track, defendant's car crashed into it, and jammed it against the elevated pillar in question, inflicting upon it serious injury. The defendant swore no witnesses, and these facts, as stated, stand undisputed in the evidence. The defendant urges us to hold that there is no evidence of defendant's negligence to support the verdict, and that the driver was guilty of contributory negligence in going upon the track within full view of the car approaching, as the evidence shows, at the rate of six or eight miles an hour. The facts in this case are so similar to those in McCormack v. Nassau Electric R. R. Co., 16 App. Div. 24, 44 N. Y. Supp. 684, Schron v. Staten Island Electric R. R. Co., 16 App. Div. 111, 45 N. Y. Supp. 124, and Meyer v. Brooklyn, Q. C. & S. R. R. Co., 47 App. Div. 286, 62 N. Y. Supp. 33, that the conclusions reached in those cases as to both questions should be held to apply here. Adopting the phraseology of the Schron Case, it may be said that, if the car in question was between 80 and 125 feet away when the wagon turned into the south-bound track, and it was approaching at only the rate of 6 or 8 miles an hour, it was clearly within the power of the motorman to stop his car and permit the horse and wagon to pass the obstruction caused by the presence of the vans. It became the duty of the operator of the car so to do, and his failure in this regard was sufficient upon which to predicate negligence. Fishbach v. Steinway Railway Co., 11 App. Div. 152, 42 N. Y. Supp. 883.

The appellant urges very strongly upon this court that the rule of damages as adopted by the trial court was erroneous. The testimony discloses that it cost the plaintiff the sum of $10 to remove his broken wagon from the street to the storage room where he took

it preparatory to sending it to the wagon maker for repairs. We cannot believe that it is an unnatural or unforeseen result that one whose property has been wrecked in one of the thoroughfares of a great city should be put to the expense of removing it from the public way into a place where it might be·repaired. This item the justice allowed. The plaintiff also proved that while he was receiving bids and making arrangements to enter into a contract for the wagon's repair it was being stored, and that he was required to pay and did pay the sum of $5 for such storage, and that the charge was reasonable. This, we think,·is quite as proper a part of the plaintiff's damages as the expense of removing the property from the street. This item was also allowed by the justice. The judgment included as well a charge of $95 for the usable value of the wagon for 95 days, the time that was fairly consumed in rebuilding the wagon, and the sum of $140, which was charged and paid for putting the wagon into serviceable condition again. There was evidence to show that all four items of damage were reasonable amounts for the respective purposes. The trial court was justified in finding from.the facts as they appeared on the trial that, under the circumstances, 95 days was a reasonable time within which the wagon might be repaired.

What is the proper rule of damages in actions as they come before the courts from time to time is often difficult to solve, and has received considerable attention of the courts. In Allen v. Fox, 51 N. Y. 562, 10 Am. Rep. 641, Earl, C., reviews the cases at length, and in an able opinion, concurred in by the whole court, comes to the conclusion that, where personal property has what he denominated a usable value, the value of its use during the time of the detention is a proper item of damages in an action to recover its possession. The Court of Appeals, in Redmond v. American Manufacturing Co., 121 N. Y. 415, 24 N. E. 924, it is true, distinguishes the Allen Case, but does not overrule it, nor question the correctness of the principle there laid down. It is, in the opinion in that case, pointed out that the Allen Case treated of the wrongful detention of property which was in daily use, and the reasonable value is well known and readily ascertained. The property in controversy in the Redmond Case was of an entirely different character, and the distinction is clearly made. In Jackson A. Iron Works v. Hurlbut, 158 N. Y. 34, 52 N. E. '665, 70 Am. St. Rep. 432, the action was brought to recover damages for the breaking of a planing machine, the property of the plaintiff, while in the custody of defendants, truckmen of the city of New York, for transportation to plaintiff's factory. In that case proof was offered that on account of the injury to the machinery plaintiff was compelled to and did send out of its shop to another to have contracts that they had on hand completed. It was allowed to recover as an item of damages the cost of this outside work. The court stated that it was not proper to say this evidence was not entirely competent under the circumstances of the case, and cited the Allen and Redmond Cases, supra. In Volkmar v. Third Avenue R. R. Co., 28 Misc. Rep. 141, 58 N. Y. Supp. 1021, the exact question seems to have arisen, and it is there held: "It seems that in the case of articles of constant and daily use, usable value, being

well known and readily ascertained, constitutes a proper element of damage." We think that under the authorities of the Court of Appeals the conclusion reached in the Volkmar Case is correct, and this court adapts it to the facts in the case at bar.

The only other claim for damage was the cost of repair. The ruling of the trial court allowing plaintiff's claim therefor must be sustained. It has been held that the evidence as to the cost of repairs upon injured articles, supported by the evidence of the person who made the repairs, or another who knows their value, that the charges therefor were reasonable, is legal proof of damages in an action for such injuries. Lafayette v. Gaffney, 47 Hun, 583; Lynch v. Kluber, 20 Misc. Rep. 601, 46 N. Y. Supp. 428; Gumb v. Twenty-Third St. R. Co., 114 N. Y. 411, 21 N. E. 993; Volkmar v. Third Avenue R. R. Co., supra. This rule, of course, is not to be construed as permitting a recovery for repairs to damaged articles far in excess of their value at the time of injury, but in the state of the proof in this case the recovery as to this item may be sustained, although no proof was offered as to the value of the wagon at the time it was injured, for the reason that it appeared that the wagon was then being employed in the business of the plaintiff in its usual and customary manner, and there is no evidence indicating that the repairs were more extensive than those necessary to restore it to its former useful condition.

The judgment must, therefore, be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur, except BARTLETT and JENKS, JJ., who dissent only on the ground that the amount of damages awarded for the loss of the use of the wagon is excessive.