CONNOLLY v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.   January 25, 1904.)

1. STREET RAILROADS—PERSONAL INJURIES—LOSS OF CLOTHING—VALUE—EVIDENCE—SUFFICIENCY.

Where one of the items in the bill of particulars in an action against a street railroad for personal injuries for which plaintiff claimed damages was the destruction of his clothing, evidence merely that plaintiff paid $50 for it is insufficient to sustain a judgment for plaintiff including an assessment of damages at $50 for the loss of the clothing.

Appeal from Judgment of Municipal Court, Borough of Manhattan, Tenth District.

Action by Patrick Connolly against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Modified.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS, JJ.

William E. Weaver, for appellant.

Timothy J. Campbell (Thomas W. Pittman, of counsel), for respondent.

DAVIS, J. In his bill of particulars, the plaintiff claims damages not only for injuries to his person, but for the destruction of his clothing. As proof of the damage to his clothing, the plaintiff was allowed to testify that he paid $50 for it. The justice accepted this testimony as some evidence of the damage to the clothing. There was no testimony as to the character of the clothing, its condition at the time of the accident, or of the length of time it had been in use. I am of opinion that the evidence upon this item of damage was insufficient. I do not mean to hold that under some circumstances the price paid for the property is not competent proof of its value. This, however, is not such a case, as it would have been very easy to have supplied the evidence necessary to prove this damage. In view of the fact that nothing was said about the clothing, except that $50 was paid for it, and that the justice relied upon that statement as some evidence of its value, I assume that in the judgment rendered for $100 he included $50 as the amount of damage to the clothing.

Under the circumstances, I think the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event, unless the plaintiff stipulates to reduce his recovery by $50. In that event the judgment, as modified and reduced, will be affirmed, without costs. All concur.