## DUNNE v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term.  January 25, 1904.)

1. STREET RAILROADS—PERSONAL INJURIES—LOSS OF CLOTHING—VALUE—EVIDENCE—SUFFICIENCY.

In an action against a street railroad for personal injuries one of the items of damage claimed by plaintiff was the loss of a suit of clothes. The only evidence as to its value was the testimony of plaintiff that he paid $35 for it. The only evidence as to its condition after the accident was that it was "torn and dirtied." *Held*, insufficient to prove the value of the clothes immediately after the accident, or damages to them.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Patrick M. Dunne against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Modified.

Argued before FREEDMAN, P. J., and MacLEAN and DAVIS. JJ.

W. E. Weaver, for appellant.

L. W. Thompson, for respondent.

FREEDMAN, P. J.  This action was to recover damages for personal injuries sustained by plaintiff through the alleged negligence of the defendant.  There was sufficient evidence from which the trial court could properly find that the plaintiff was free from contributory negligence.  One of the items claimed was for the loss of a suit of clothes belonging to the plaintiff, and the only testimony as to its value was that of the plaintiff, who swore that he "paid $35" for it. The suit had been worn several times prior to the time of the accident, and the only testimony given as to its condition after the accident was that it was "torn and dirtied."  The record fails to show competent evidence of the value of the clothes immediately after the accident, or damages to them.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless the respondent will stipulate to reduce the judgment by the sum of $35, in which event, the judgment as modified will be affirmed, without costs to either party of this appeal.  All concur.