### WALSH v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Term. April 24, 1905.)

DAMAGES TO WEARING APPAREL—EVIDENCE.

     Evidence of the cost of articles of wearing apparel and their condition after the accident does not warrant the giving of damages therefor, in the absence of evidence of their reasonable value or of their condition before the accident.

     [Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Damages, § 511.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Helen E. Walsh against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and LEVENTRITT and GREENBAUM, JJ.

William E. Weaver, for appellant.

Arthur J. Westermayr, for respondent.

LEVENTRITT, J.   The evidence called for submission to the jury of the issues of negligence, but did not warrant the inclusion of damage to the plaintiff's wearing apparel as an element of recovery.   That item of damage is supported only by evidence of the cost of the articles and their condition after the accident, and without any proof of their reasonable value, or the wear to which they had been subjected, their condition before the accident, or of. any details which could have enabled the jury to determine how much they had depreciated.   This failure of proof defeats the judgment. Connolly v. Interurban St. Ry. Co. (Sup.) 86 N. Y. Supp. 213; Dunn v. Interurban St. Ry. Co. (Sup.) 86 N. Y. Supp. 260; Volkmar v. Third Ave. R. R. Co., 28 Misc. Rep. 141, 58 N. Y. Supp. 1021. As the verdict embraced compensation for damage to the plaintiff's clothing as well as for injuries to her person, and as it cannot be said to what extent each item contributed to the result, the judgment cannot be modified, but must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.   All concur.