JOHN E. WATERS, *Committee, etc.*, v. CITY OF MORGANTOWN

(No. 6779)

Submitted January 20, 1931.    Decided January 27, 1931.

*William E. Glasscock, Jr.*, for plaintiff in error.

*Minter L. Wilson* and *Benjamin G. Reeder*, for defendant in error.

MAXWELL, JUDGE:

The City of Morgantown prosecutes this writ of error to a judgment of the circuit court of Monongalia County for $6,500.00 upon a verdict in favor of John E. Waters, Committee of Mattie D. Waters, an insane person, for personal injuries suffered by her in a sidewalk accident October 7, 1928.

In the declaration filed at January Rules, 1929, by Mattie Waters in her own right it was alleged that on account of the accident complained of, she suffered fractures in her right leg, right shoulder bone and right tenth rib; that muscles at the back of her neck and in her abdomen were torn loose and injured, and that by reason thereof she became sick, sore, lame and disabled and "suffered and still suffers intense physical pain in the back of her head and in her abdominal regions, and has become very nervous." It having been made to

appear to the court, in December, 1929, that Mattie Waters had been adjudged insane some time subsequent to the filing of her declaration in January, it was ordered that the suit proceed in the name of her committee. The declaration was in no wise amended on the question of the results of the accident upon Mrs. Waters' physical or mental well-being. At the trial, in January, 1930, in augmentation of damages, evidence was admitted on behalf of the plaintiff, over objection of the defendant, tending to show that the insanity of Mrs. Waters was caused by the accident in suit. This is the principal point of error, and in our judgment, it is well taken, because insanity is not alleged in the declaration as one of the consequences of the accident, nor are the alleged physical injuries such that insanity would be expected to follow therefrom as a natural and necessary consequence. The allegation that Mrs. Waters suffered pain in her head, and had become very nervous is not sufficient to meet this situation. "In actions for personal injuries, where the injury is alleged, a recovery may be had for the natural and probable consequences thereof, although such consequences are not set up in detail, while all effects not the natural and necessary result of the injury complained of constitute special damages, and hence must be specially averred." 17 Corpus Juris, 1007. To like effect: Chitty on Pleading (11th Am. Ed.), Vol. I, pp. 338, 395, 398; and 5 Encyclopedia of Pl. & Pr., p. 719. A multitude of judicial utterances sustain this basic principle of pleading. The following from a New York case is typical: "When a plaintiff alleges that his person has been injured, and proves the allegation, the law implies damages, and he may recover such as necessarily and immediately flow from the injury, (which are called generally damages,) under a general allegation that damages were sustained; but, if he seeks to recover damages for consequences which do not necessarily and immediately flow from the injury, (which are called special damages), he must allege the special damages which he seeks to recover." *Gumb* v. *Railway Co.,* 21 N. E. 993. JUDGE BRANNON recognized and discussed this rule in *Yeager* v. *City of Bluefield,* 40 W. Va. 484.

Cases cited on behalf of plaintiff in support of her contention that allegations in her declaration with reference to physical injuries and nervousness are sufficient to sustain evidence of insanity, we think, do not justify her position and certainly do not go to the extent of contravening the basic rule of pleading above set forth. Among the cases cited are: *Rapid Transit Ry. Co.* v. *Allen,* (Tex.) 117 S. W. 486; *Allen* v. *Bland,* (Tex.) 168 S. W. 35; *Garvey* v. *Ladd,* (Mo.) 266 S. W. 727; *Clark* v. *Harowitz,* (Pa.) 143 Atl. 131; *Foster* v. *Crooker,* 126 N. Y. Supp. 1020. We do not interpret this class of cases as going further than to declare in effect that evidence may be introduced to prove results which world be expected to flow as a natural and necessary consequence of the physical injuries alleged in the declaration.

Other erroneous features of the trial lie in the admission of evidence on behalf of the plaintiff, over the objection of defendant, tending to show that there had been a prior accident of another person at the same place in the sidewalk; and in permitting the clerk of the county court, as a witness for plaintiff, over objection of defendant to introduce in evidence copies of the proceedings in the inquisition of lunacy of Mattie Waters, and to read to the jury certain answers of physicians to questions propounded to them on such inquisition. The alleged prior accident of a stranger had no connection of course with the accident which occasioned this suit, and evidence with reference to the former accident should not have been admitted on this trial. If the allegations of the declaration had ben sufficiently broad to admit evidence of Mrs. Waters' insanity it would have been proper to introduce evidence of the fact of her adjudication of insanity, but this clearly would not go to the extent of admitting testimony of witnesses upon the lunacy hearing.

The point of error sought to be predicated on the court's refusal to give certain instructions offered on behalf of the defendant, we consider not well taken because the subject matter of the refused instructions was substantially covered by other instructions given for defendant. There is no point of error predicated on the instructions given on behalf of the plaintiff. Objections to the testimony of witnesses with re-

spect to the physical condition of Mrs. Waters both before and subsequent to the accident were not well taken.

For reasons assigned, we reverse the judgment of the trial court, set aside the verdict and remand the case for further proceedings.

*Reversed and remanded.*